Benjamin SCOTT, Plaintiff-Appellant,

v.

Lowell W. PERRY, Director Equal Employment Opportunity Commission, Defendant-Appellee.

No. 76–2946.

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1978.

Charles B. Johnson, Pasadena, Cal., for plaintiff-appellant.

William H. Ng, Equal Employment Opportunity Comm., Washington, D. C., for defendant-appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

PER CURIAM:

Scott, a black male, commenced this action in the district court alleging that the Equal Employment Opportunity Commission (EEOC) had, on racially discriminatory grounds, refused to hire him. He claimed to be the victim of discrimination in favor of Mexican-American and American-Indian applicants, and he sought relief pursuant to the Fifth Amendment; 42 U.S.C. §§ 1981, 1982, and 1983; 42 U.S.C. § 2000e–2(a) and (j); and 42 U.S.C. § 2000e–16. He also sought mandatory relief under 28 U.S.C. § 1361.

The district judge dismissed the complaint insofar as it rested upon any basis other than 42 U.S.C. § 2000e–16 because of the decision in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), which held that section 2000e–16 is the exclusive remedy for discriminatory federal employment practices. This ruling was unquestionably correct and we affirm it.

The district judge also dismissed the complaint under section 2000e–16 because he found that Scott had failed to present a charge of racial discrimination to the EEOC or to the Civil Service Commission in his appeal to that agency. Our review of the record confirms that this finding is correct. Although Scott complained to both the EEOC and the Civil Service Commission that he had been promised but never actually given supervisory level employment with the EEOC, we discover no indication in the record that the motive of racial discrimination was alleged anywhere prior to the commencement of this action. Thus, the "complaint of discrimination" required by section

2000e–16(c) was never filed. Until that remedy is exhausted, Scott cannot seek relief in the federal courts. *Brown v. General Services Administration, supra,* 425 U.S. at 832, 96 S.Ct. 1961; *Swain v. Hoffman,* 547 F.2d 921, 923 (5th Cir. 1977).

The judgment of the district court is affirmed.