**Theodore S. COOPER,**
**Plaintiff-Appellant,**

v.

**Griffin B. BELL, et al.,**
**Defendant-Appellee.**

No. 78–2265.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1980.

Decided Aug. 21, 1980.

Rehearing Denied Oct. 17, 1980.

Eva. S. Halbreich, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before KENNEDY, FLETCHER, and POOLE, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Cooper, an employee of the United States Drug Enforcement Administration (DEA), filed a complaint against the United States Attorney General alleging that he had been discriminated against in violation of section 717 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 (1976). Jurisdiction in the district court was based on 42 U.S.C. §§ 2000e–16(c) and (d) (1976). The district court judge, concluding that Cooper had failed to exhaust his administrative remedies, dismissed for failure to state a claim for which relief could be granted. We have jurisdiction to review under 28 U.S.C. § 1291 (1976). We reverse the district court and remand for further proceedings.

I

FACTS

Cooper, a white male, was employed at the Los Angeles office of DEA as an Equal Employment Opportunity (EEO) coordinator. He was responsible for preparing and assisting in the implementation of EEO plans in the Western Region of DEA, pursuant to 42 U.S.C. § 2000e–16 (1976) and 5 C.F.R. § 713.201 et seq. (1976).[1]

On February 19, 1976, Cooper filed a grievance with DEA. He complained that his attempts to implement an EEO program had been met with suspicion and hostility and that Van Diver, the DEA Regional Director, and Azzam, the Deputy Regional Director, were intentionally frustrating the EEO program by subjecting Cooper to personal threats and other verbal abuse. He

Bruce M. Stark, Long Beach, Cal., for plaintiff-appellant.

1. The current regulations governing equal opportunity in the federal government are found at 29 C.F.R. § 1613.201, *et seq.* (1979).

described an incident in which his attempt to deliver an EEO plan to Van Diver led to a heated shouting match culminating in Cooper's being pursued and threatened by Azzam. Acting on Cooper's grievance, DEA instructed Van Diver and Azzam to support the EEO program and suspended Cooper for one day for his part in the incident. Cooper did not appeal the suspension.

On July 8, 1976, Cooper sent a letter of resignation to the agency's EEO Director, Rogers. The letter expressed Cooper's dissatisfaction with the disposition of his grievance and with the general lack of support for the EEO program.

Almost a year later, on May 31, 1977, Cooper, through an attorney, wrote to Rogers asserting that his letter of resignation had actually been an employment discrimination charge and asking Rogers to accept it for administrative consideration. Rogers replied that he could not accept the charge because Cooper had not brought it to the attention of an EEO counselor within thirty days of the alleged discriminatory conduct, as required by 5 C.F.R. § 713.214 (1976). Cooper subsequently met with an EEO counselor, but the matter could not be informally resolved.

Cooper then filed an employment discrimination complaint in federal district court, alleging as discrimination the interference and harassment he had previously described in his grievance and in his letter of resignation, and the refusal to grant him a promised transfer. In addition, Cooper alleged that Holder, an employee in DEA's personnel office, had told Cooper that a white male could not file an employment discrimination charge.

The government responded with a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c), on the ground that Cooper had failed to exhaust his administrative remedies. The judge granted the motion and dismissed the complaint. Cooper appeals from the dismissal.

## II

## STANDARD OF REVIEW

We treat the government's motion under rules 12(b)(1), 12(b)(6), and 12(c) as a motion to dismiss for failure to state a claim. Accordingly, our review is limited to determining whether within the context of his complaint Cooper could have proved any set of facts entitling him to relief. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).[2]

## III

## DISCUSSION

The difficulty Cooper faces is the government's contention that he cannot maintain his action because he has not timely filed his charge with the employing agency.

When this case arose, section 717 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 (1976), provided the exclusive remedy against discriminatory employment practices in the federal government.[3] *Brown v. General Services Admin-*

---

2. Cooper affixed several "exhibits" to his complaint that gave documentary support to the allegations of the complaint. The trial court considered them as part of the pleadings. These exhibits do not constitute "outside material" the consideration of which requires a judge to convert a motion to dismiss into one for summary judgment under Fed.R.Civ.P. 12(b). *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 430 (9th Cir. 1978). The only outside material that Cooper submitted was an affidavit from Cooper's attorney that the judge expressly excluded from consideration. *See id.* at 430 n.3. Even if Cooper's exhibits were outside material within the meaning of rule 12(b) we could not treat

the motion to dismiss as one for summary judgment, because Cooper did not have the requisite notice and opportunity to submit all pertinent material required by rule 12(b). *See Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84–86 (9th Cir. 1968); *Chicago-Midwest Meat Ass'n v. City of Evanston*, 589 F.2d 278, 282 (7th Cir. 1978), *cert. denied*, 442 U.S. 946, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Ohio v. Peterson, Lowry, Rall, Barber, & Ross*, 585 F.2d 454 (10th Cir. 1978); 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1366 (1969).

3. After this case arose, Congress provided an alternative remedy for federal employees in the Civil Service Reform Act of 1978, Pub.L. 95–

*istration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). It proscribes, *inter alia,* reprisals against employees who oppose discrimination. *Ayon v. Sampson,* 547 F.2d 446, 449–50 (9th Cir. 1976). Cooper's complaint alleges that his superiors subjected him to reprisals by harassing him in order to impede his attempts to implement equal employment programs and by escalating the harassment after Cooper filed his grievance.[4]

Section 717 contemplates the invocation of administrative remedies as a condition precedent to litigation. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). Although the statute is silent as to the time period within which an initial administrative charge must be filed, the Civil Service Commission has promulgated regulations requiring an employee to bring his charge to the attention of an EEO counselor within thirty days of the alleged discriminatory conduct. 5 C.F.R. §§ 713.213(a), 713.214(a)(i) (1976).

Cooper did not contact an EEO counselor or file an administrative charge until almost a year after the alleged discriminatory conduct. He makes two arguments against dismissal of his complaint for this lapse.

First, he contends that his February, 1976 grievance and his July, 1976 letter of resignation were employment discrimination charges. However, the texts of the letters belie his argument. It is true that an employment discrimination charge should be construed liberally and that consequently the employee need not follow formal rules of pleading or make his allegation with legal precision, *Kaplan v. Int'l Alliance of Theatrical & Stage Employees,* 525 F.2d 1354, 1359 (9th Cir. 1975), but the charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed. *Scott v. Perry,* 569 F.2d 1064 (9th Cir. 1978). The agency can then investigate, attempt conciliation, and, if necessary, engagé the administrative process. *See Shehadeh v. Chesapeake & Potomac Tel. Co.,* 595 F.2d 711, 727–28 (D.C.Cir. 1978). Here the judge properly concluded that neither the grievance nor the letter of resignation described the legal basis of the charge with sufficient clarity to notify DEA that Cooper complained of employment discrimination.[5] The DEA officials who received Cooper's grievance and letter of resignation could reasonably assume that Cooper, the regional DEA coordinator, was aware of the procedure for filing an employment discrimination charge and that he could distinguish a personnel grievance and a letter of resignation from an employment discrimination charge. Consequently, DEA had no reason to interpret them as anything other than what they appeared to be.

Cooper's second argument is that his failure to file a timely charge with the agency should be excused because he did not realize that he had a valid cause of action until after the thirty-day filing period had expired.

454, 92 Stat. 1111 (1978). Now they may proceed either under section 717 or by filing a complaint with the Merit Systems Protection Board. 5 U.S.C.A. §§ 7702–03 (West 1980).

4. Cooper argues that because his complaint alleged reprisal, he had the option under 5 C.F.R. § 713.261(a) (1976) of bringing it either under procedures applicable to ordinary employment discrimination complaints or under the special procedure specified in 5 C.F.R. § 713.261(b) (1976) for filing a reprisal complaint. Cooper did not make this argument to the trial court. Accordingly, we will not hear it on appeal. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Our analysis of the case would not change even if we considered the argument because 5 C.F.R.

§ 713.261(b) merely provides that a written complaint of reprisal may be filed with an appropriate official within fifteen days of the alleged reprisal. In the discussion to follow we explain why neither Cooper's grievance nor his letter of resignation was an employment discrimination complaint. The same reasoning requires rejection of Cooper's argument that the grievance and letter of resignation were reprisal complaints.

5. Cooper was hardly an "unlettered and unschooled" employee whom the liberal construction rule was designed to protect. *See Waters v. Heublein, Inc.,* 547 F.2d 466, 468 (9th Cir. 1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977).

■ It is true that in certain situations a plaintiff may be excused from strict compliance with the filing period. Cooper's argument implicates three of these exceptions. The first two avail him naught.

■ First, failure to comply may be excused if the plaintiff had neither official notice nor actual knowledge of the filing period. *Bragg v. Reed*, 592 F.2d 1136 (10th Cir. 1979); *Ettinger v. Johnson*, 556 F.2d 692, 697 (3d Cir. 1977), 5 C.F.R. § 713.-214(a)(4)(i) (1976); Cooper did not allege that he was unaware of the filing period. Because Cooper's duties apparently included informing DEA employees of EEO procedural requirements, including the thirty-day filing period, 5 C.F.R. § 713.204(f)(4) (1976), such an allegation would have been frivolous.[6]

■ Second, failure to comply with the filing period may be excused if the plaintiff was unaware that he was the object of discriminatory conduct. *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382–83 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979) (fraudulent concealment tolls a statute of limitations); *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975). Cooper's grievance and letter of resignation reveal that he was long aware of all of the facts underlying his complaint.

Third, Cooper asserts equitable grounds for extension of the filing period, alleging in his complaint that a DEA personnel officer, Holder, had told Cooper that a white male could not file a discrimination charge. Cooper contends that his failure to file a discrimination charge within the filing period resulted from his reliance on this advice, thereby estopping the government from raising Cooper's failure to file a timely charge.

■ Courts have discussed the availability of such equitable extensions within the doctrinal framework of whether Title VII administrative filing periods are jurisdictional prerequisites or merely administrative equivalents of statutes of limitation.[7] If filing periods are deemed jurisdictional, estoppel is unavailable, because parties by their actions cannot create jurisdiction in the federal courts where Congress has not done so. *See Continental Ins. Co. of New York v. Cotten*, 427 F.2d 48, 51 (9th Cir. 1970). If the filing period is instead equivalent to a statute of limitation, extension might be available in appropriate cases. *See Alley v. Dodge Hotel*, 551 F.2d 442, 445–47 (D.C.Cir.), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277 (1977); 65 Geo.L.J. 147, 155–65 (1976) (discussing the distinction between jurisdictional prerequisites and statutes of limitations).

The emerging consensus among the circuit courts seems to be that Title VII filing periods are subject to equitable extension. *Bethel v. Jefferson*, 589 F.2d 631, 641–42 (D.C.Cir. 1978) (Title VII time periods are analogous to statutes of limitation and hence may be equitably extended); *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979) (equitable extension allowed even though the court classified the filing period as jurisdictional). *Cf. Marshall v. Sun Oil (Delaware)*, 605 F.2d 1331, 1337–38 n.8 (5th Cir. 1979) (distinguishing *Chappell v. Emco*). *But see In re Consolidated Proceedings in Airlines Cases*, 582 F.2d 1142, 1150–51 (7th Cir. 1978); *Guy v. Robbins & Myers, Inc.*, 525 F.2d 124, 127–28 (6th Cir. 1975), *rev'd on other grounds sub nom. Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

---

6. Cooper also argues that his failure to file a timely charge is excused because he did not know that his employer's conduct towards him might constitute employment discrimination actionable under Title VII. However, mere ignorance of one's legal rights does not justify extension of a filing period. *See United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 359–61, 62 L.Ed.2d 259 (1979); *Larson v. American*

*Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979).

7. The Supreme Court has referred to the filing periods both ways. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392, 392 n.11, 97 S.Ct. 2464, 2468, n.11, 53 L.Ed.2d 423 (1977); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974).

In analyzing the principles developed in these cases and applying them here, we are mindful that discrete filing periods apply at each stage of the processing of an employee's discrimination complaint. When this case was brought, federal employees faced three separate deadlines, the first two governing the intra-agency processing of discrimination charges, the last governing the time for filing a civil complaint in district court.[8]

This circuit has held with regard to the filing of a civil complaint after the rejection of a claim by the employing agency that the thirty-day filing period is "jurisdictional." *Mahroom v. Hook*, 563 F.2d 1369, 1374 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978). *See also Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975); *Wong v. The Bon Marche*, 508 F.2d 1249, 1250 (9th Cir. 1975) (deadline for filing civil suit by private sector employees likewise jurisdictional). However, we favor treating at least the first intra-agency filing period for lodging the initial charge (the deadline Cooper missed) as the equivalent of a statute of limitation, subject to equitable extension in appropriate cases.[9] There are several reasons for this conclusion.

Congress did not premise district court jurisdiction on bringing a complaint to the attention of an EEO counselor within thirty days but, rather, required only exhaustion of administrative remedies, 42 U.S.C. § 2000e–16(c) (1976), and authorized the Civil Service Commission to promulgate regulations effectuating the policies of the employment discrimination statutes. 42 U.S.C. § 2000e–16(b) (1976). Hence the thirty-day filing requirement of 5 C.F.R. § 713.214(a)(1) (1976) is merely an administrative procedural requirement. The regulations themselves, adopted by the Civil Service Commission, indicate that the Commission did not intend the first filing period as a rigid jurisdictional requirement. *See* 5 C.F.R. § 713.214(a)(4)(i) (1976) (providing that the EEO shall extend the first filing deadline when the employee is unaware of the time limits or is "prevented by circumstances beyond his control from submitting the matter within the time limits . . ."). Equitable tolling at the initial stage of the process is consonant with this regulatory scheme. The case for leniency at the outset for an employee unschooled in the filing procedure and unable to articulate his employment discrimination charge can be compelling.[10] *See Reeb v. Economic Opportuni-*

8. First, the employee must bring any complaint to the attention of an EEO counselor within thirty days of the occurrence of the conduct complained of. 5 C.F.R. § 713.214(a)(1)(i) (1976). Second, if the complaint is not informally resolved, the employee must file a formal complaint within fifteen days of his final interview with the EEO counselor. 5 C.F.R. § 713.-214(a)(2)(ii) (1976). Third, after administrative hearing and rejection of the complaint by the agency, the employee must file a civil suit in district court within thirty days of the rejection. 42 U.S.C. § 2000e–16(c) (1976); 5 C.F.R. § 713.282 (1976).

9. The second filing period is similar to the first in that it is a procedural requirement devised by the Civil Service Commission, not by Congress. However, the reasons for equitable tolling at the second stage of the process may be less compelling than at the first stage, because by then the employee should have received counselling about how to proceed with his charge. Circumstances might, nonetheless, warrant equitable treatment in a given case.

10. The arguments in favor of equitable tolling are weakest regarding the third filing period, the time for commencement of court action. Congress expressly premised federal court jurisdiction on prior exhaustion of administrative remedies by providing that a federal employee could bring an employment discrimination suit within thirty days of receiving notice of final administrative action. 42 U.S.C. § 2000e–16(c) (1976). One possible interpretation of this provision is that it creates a temporally limited cause of action: if suit is not brought within thirty days, the cause of action expires. *See Kirk v. Rockwell Int'l Corp.*, 578 F.2d 814, 823 (9th Cir.) (Hufstedler, J., concurring), *cert. denied*, 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). *But see Bethel v. Jefferson*, 589 F.2d 631, 641–42 and n.64 (D.C.Cir. 1978). Furthermore, the employee is less likely to be harmed by rigid time limits at this stage of the proceedings than at the earlier two stages. By the time the third limitation period is triggered by the employee's receipt of a right to sue letter, the employee has received counselling and has been expressly informed of his obligation to go forward within the thirty-day filing period.

*ty Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975).

We now turn to Cooper's specific allegation that the government should be estopped—by Holder's misrepresentation and by Cooper's reliance on Holder's advice—from raising Cooper's failure to file a timely charge. We appreciate the trial judge's astonishment at Cooper's allegation that he had relied on another's interpretation of EEO regulations with which Cooper's duties as an EEO officer should have made him quite familiar. Nevertheless, we cannot say that, as a matter of law, Cooper would not prevail were he able to adduce sufficient evidence to substantiate the allegation. Accordingly, it was improper to dismiss at this stage, because dismissal foreclosed Cooper from any opportunity to prove his case. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

To establish a basis for estoppel against the government, Cooper must prove: (1) that Holder's advice constituted "affirmative misconduct," *see Simon v. Califano*, 593 F.2d 121, 123 (9th Cir. 1979); (2) that Cooper did not know nor reasonably should have known that a white male could file an employment discrimination complaint; (3) that Holder knew or reasonably should have known that the advice he imparted was false; (4) that Holder intended or reasonably should have foreseen that Cooper would rely on his advice; (5) that Cooper reasonably relied on Holder's advice; (6) that Cooper's reasonable reliance on Holder's advice was the cause of his failure to contact an EEO counselor within thirty days of the discriminatory conduct, and that the time within which he did file was reasonable in light of all the circumstances.[11] *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284

All of the Ninth Circuit cases that have referred to Title VII filing periods as "jurisdictional" have involved the third filing period. *See Mahroom v. Hook*, 563 F.2d 1369 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975);

(1979); *Santiago v. Immigration & Naturalization Service*, 526 F.2d 488 (9th Cir. 1975) (en banc), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976); *United States v. Wharton*, 514 F.2d 406, 410–13 (9th Cir. 1975).

For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.

*Wong v. The Bon Marche*, 508 F.2d 1249 (9th Cir. 1975).

11. When the complaint reveals that the statute of limitation has run, as it does here, the plaintiff has the burden of proving that it should be equitably extended. *DeWitt v. United States*, 593 F.2d 276, 281 (7th Cir. 1979).