Louis F. VILLASENOR, Appellant,

v.

LOCKHEED AIRCRAFT CORPORATION and Aeronautical Industrial District Lodge 727, International Association of Machinists and Aerospace Workers, Appellees.

No. 79–3154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1981.

Decided Feb. 17, 1981.

John A. Greenleaf, Simi Valley, Cal., for appellant.

F. B. Yoakum, Jr., Iverson, Yoakum, Papiano & Hatch, MaryAnn K. Struck, Rose, Klein & Marias, Los Angeles, Cal., argued, for appellees.

Before GOODWIN and ANDERSON, Circuit Judges, and MURPHY *, District Judge.

PER CURIAM.

Louis Villasenor appeals from a judgment dismissing his Title VII action for failure to file a timely administrative charge with the Equal Employment Opportunity Commission (EEOC). We affirm.

As a prerequisite to bringing a Title VII action, 42 U.S.C. § 2000e–5(e) requires that the aggrieved person file a charge of discrimination with the EEOC within 180 days following the occurrence of the alleged discrimination. Villasenor filed his charge two years after the alleged incident.

We need not decide whether § 2000e–5(e) is a jurisdictional prerequisite to a Title VII action or an administrative statute of limitations subject to equitable tolling [1] because Villasenor did not present sufficient evidence to toll the limitations period.

A statute of limitations in some situations may be tolled if the defendant has

---

\* The Honorable Thomas F. Murphy, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. No Ninth Circuit cases have addressed this issue. Compare *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir. 1980) (equitable tolling applies to administrative deadline under 42 U.S.C. 2000e–16 and related regulations). The other circuits are split. Cases holding that compliance with the time limits is jurisdictional include *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978) (en banc); *In re Consolidated Pretrial Proceedings in the Airline Cases*, 582 F.2d 1142, 1151 (7th Cir. 1978), *cert. granted sub nom., Zipes v. Trans World Airlines, Inc.*, 442 U.S. 916, 99 S.Ct. 2834, 61 L.Ed.2d 282 (1979); *Hinton v. CPC International Inc.*, 520 F.2d 1312, 1315 (8th Cir. 1975). Compare cases holding that compliance with time limits is not jurisdictional but equivalent to a statute of limitations subject to equitable tolling: *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302 (5th Cir. 1979); *Hart v. J. T. Baker*

208

affirmatively sought to mislead the charging party. *Cooper v. Bell*, 628 F.2d 1208, 1214 (9th Cir. 1980); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975). The district court specifically requested Villasenor to file an affidavit stating precisely who had advised him not to proceed with his claim. He could not. Villasenor stated only that he had heard rumors about the possibility of filing a discrimination claim as early as fall, 1968, but was "under the impression" that he should wait until his workmen's compensation case was closed before filing other claims. Because no evidence was presented to establish conduct on the part of the defendants that might cause a court of equity to intervene, the limitations period cannot be equitably tolled.

Affirmed.

Chemical Corp., 598 F.2d 829, 831 (3d Cir. 1979); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 475 (D.C.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).