**Richard J. COSGROVE,
Plaintiff-Appellant,**

v.

**William BOLGER, in his official capacity as head of the United States Postal Service, Defendant-Appellee.**

No. 84–6346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1985.

Decided Nov. 5, 1985.

---

Byron S. Georgiou, Thomas Tosdal, Georgiou & Tosdal, San Diego, Cal., for plaintiff-appellant.

Michael Quinton, Asst. U.S. Atty., San Diego, Cal., for defendant-appellee.

Before SCHROEDER and FLETCHER, Circuit Judges, and ROSENBLATT,* District Judge.

---

\* Honorable Paul G. Rosenblatt, United States District Judge for the District of Arizona, sitting by designation.

1. 42 U.S.C. § 2000e–16(c) provides in part: Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... on a complaint of discrimination ..., an

SCHROEDER, Circuit Judge.

This is an appeal from the district court's dismissal of Cosgrove's complaint alleging employment discrimination because of a physical handicap in violation of the Rehabilitation Act of 1973, as amended. After four years of litigation and exhaustion of administrative remedies, the district court dismissed the action because the original *pro se* complaint did not specifically name the Postmaster General as the defendant as required by 42 U.S.C. § 2000e–16(c).[1] We reverse and remand because Cosgrove's amended complaint satisfied the statutory requirements by correctly identifying the Postmaster General as the defendant within thirty days of the end of the administrative proceedings.

Cosgrove applied for a permanent position with the United States Postal Service while employed as a temporary employee. The Postal Service denied him a permanent position and thereafter terminated his temporary employment.

Cosgrove filed his *pro se* complaint in the district court on October 10, 1980, within thirty days after the Postal Service had denied his administrative complaint and advised him of his right to sue. The district court complaint alleged discriminatory conduct by the Postal Service, and it named the United States Postal Service in the caption as defendant. It did not specifically designate the Postmaster General as defendant. Cosgrove served the United States Attorney, the Attorney General and the Postal Service within a reasonable time. *See* Fed.R.Civ.P. 4.

The Postal Service responded to the complaint with a motion to dismiss based upon Cosgrove's failure to exhaust administrative remedies. 29 C.F.R. § 1613.214(a)(1) requires that an employee or applicant for

employee or applicant for employment, if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

employment aggrieved by an alleged discriminatory act seek counseling from an EEO counselor within thirty days after he believes there has been discrimination. 29 C.F.R. § 1613.214(a)(1)(i). Cosgrove had sought EEO counseling 53 days after the Postal Service notified him of the termination of his temporary employment. The agency refused to consider his claim because he had not sought timely counseling.

The district court remanded the matter to the Postal Service to determine whether Cosgrove's delay in seeking EEO counseling should be excused under 29 C.F.R. § 1613.214(a)(4). After the Postal Service concluded that Cosgrove's delay should not be waived, it again moved in district court for dismissal for failure to exhaust administrative remedies. Cosgrove, now represented by counsel, moved to amend his complaint to name the Postmaster General specifically as a defendant. The district court ordered the amended complaint filed, denied the Postal Service's motion to dismiss, and remanded the matter to the Postal Service for proceedings on the merits of Cosgrove's complaint. The Postal Service no longer argues that Cosgrove's delay in seeking administrative counseling requires dismissal of the action. This court has held that the thirty-day deadline of 29 C.F.R. § 1613.214(a)(1)(i) is not jurisdictional and, like a statute of limitations, is subject to equitable extension in appropriate cases. *Boyd v. United States Postal Service,* 752 F.2d 410, 411 (9th Cir.1985); *Ross v. United States Postal Service,* 696 F.2d 720, 722 (9th Cir.1983); *Cooper v. Bell,* 628 F.2d 1208, 1213 & n. 10 (9th Cir.1980).

In August 1982, the Postal Service rendered its decision denying Cosgrove's complaint on its merits; in December, the Equal Employment Opportunity Commission affirmed. The parties then began preparing for trial in district court.

In June 1984, the Postal Service again moved to dismiss, this time on the ground that the original 1980 *pro se* complaint was barred by the thirty-day limit of section 2000e–16(c) because it had not named the Postmaster General as the defendant. The district court granted that motion.

To the contrary, we find that the thirty-day requirement was met. The administrative proceedings were not concluded until December 20, 1982. Accordingly, there was no "final action" within the meaning of the statute until that date. *Martinez v. Orr,* 738 F.2d 1107, 1109 (10th Cir.1984). By that time, Cosgrove had amended his complaint to name the Postmaster General as defendant, thereby complying with § 2000e–16(c).

Initially, the Postal Service declined to consider Cosgrove's claim because he had delayed requesting counselling for 53 days, placing the request beyond the period specified by the regulations. Cosgrove then filed suit in district court. The district court remanded the case to the Postal Service for proceedings on the merits of Cosgrove's claim. The Postal Service proceeded with the administrative review that it had previously denied.

The exhaustion of administrative remedies is a condition precedent to litigation under 42 U.S.C. § 2000e–16. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Cooper v. Bell,* 628 F.2d 1208, 1211 (9th Cir.1980). The district court's remand implicitly recognized that Cosgrove's action could not proceed in district court until he had exhausted his administrative remedies. Since the time limitations for administrative review are not jurisdictional, *Cooper v. Bell,* 628 F.2d at 1212, and since the Postal Service, in fact, proceeded to provide the administrative review that is a prerequisite to suit in district court, the final action that triggered the 30-day jurisdictional period occurred on December 20, 1982. The decision included a notice of plaintiff's right to sue. At that time, Cosgrove had fully and timely complied with all statutory requirements. His complaint named the proper party and the proper party had been served.

This case is not the same as *Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984), *cert. denied,* —— U.S. ——,

105 S.Ct. 2034, 85 L.Ed.2d 316 (1985), upon which the government relies. There, it was not until more than thirty days after the final administrative decision that the plaintiff attempted either to name the proper defendant or serve his representative.[2] There is no similar lack of timely notice in this case.

Cosgrove is entitled to consideration of the merits of his claims.

Reversed and remanded.

**2.** In *Cooper,* the Ninth Circuit held that a party represented by counsel must name the proper defendant in the caption of a timely complaint or serve a proper representative within the thirty-day limitation period. 740 F.2d at 717. Its result is different than the result other circuits would reach in a similar case. *See Cooper v. United States Postal Service,* —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (White, J., dissenting from denial of certiorari).