**Pamela S. STOCKE, Plaintiff–Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant–Appellee.**

No. 89–35795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1990.

Decided Aug. 28, 1990.

---

**382**

F.N. Halverson and Kevan Montoya, Halverson & Applegate, Yakima, Wash., for plaintiff-appellant.

Jennifer H. Zacks, Atty., Appellate Staff, Dept. of Justice, Wash., D.C., for defendant-appellee.

Before HUG, NELSON and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

This Title. VII action, alleging sexual harassment, was heard with the consent of the parties by Magistrate James B. Hovis, pursuant to 28 U.S.C. § 636(c)(1) (1988). The action was dismissed for failure to file a timely complaint with the Army and, thus, a failure to exhaust required administrative procedures. The essential issue is whether an October 27, 1988 letter that was timely mailed constituted a sufficient formal complaint to satisfy the regulatory requirements. We reverse, finding that Pamela Stocke's letter had all the required elements of a formal complaint. Therefore, Stocke complied with the Title VII procedures and is entitled to proceed with her sex discrimination complaint against the Army.

I.

A. *Title VII Administrative Procedure*

Both parties agree that Stocke's exclusive remedy as a federal employee challenging discriminatory employment practices in the federal government is Section 717 of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16 (1982).[1] *Brown v. General Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Both parties also agree that Title VII administrative procedures were properly followed up to the point of the final interview with the Equal Employment Opportunity Officer ("EEO officer or EEO counselor") on October 25, 1988.[2] At the final interview, the EEO officer rejected Stocke's claim. However, the EEO officer failed to give Stocke written notice of her right to file a formal complaint as required

---

**1.** Sections 717(b) and (c) establish administrative and judicial enforcement mechanisms for enforcing section 717(a). Section 717(b) delegates to the Equal Employment Opportunity Commission ("EEOC") authority to enforce the provisions of section 717(a) "through appropriate remedies," and to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities" under the Act. Pursuant to section 717(b), regulations were promulgated at 29 C.F.R. § 1613 *et seq.* (1989), to implement the Act. The Army promulgated parallel regulations governing the filing and processing of EEO complaints filed by civilian Army employees. 32 C.F.R. § 588.1 *et seq.* (1989).

**2.** Prior to the interview, Stocke properly brought her discrimination charge to the EEOC within thirty days from the date of the alleged discriminatory action. *See* 29 C.F.R. § 1613.214(a)(1)(i). Further, within 21 days, the EEO counselor advised Stocke, conducted an informal investigation and held the final interview.

by the Army's regulations. In pertinent part, 32 C.F.R. § 588.13(d)(1) provides:

> The EEO counselor's duties at the final interview are as follows:
>
> (i) Inform the aggrieved person, in writing, of the right to file a formal complaint within the next 15 calendar days. This formal notice should be given to the aggrieved person by the use of the sample letter in Appendix E....
>
> (ii) Stress that a formal complaint must give specific information on the alleged acts of discrimination
>
> ....

Instead of providing Stocke with written notice at the final interview, the EEO officer mailed Stocke her notice on October 27, 1988, two days after the final interview. The Army concedes that the EEO officer failed to follow regulations, but contends Stocke was not harmed by the failure. If the October 27 letter is timely, then this issue is of no consequence.

### B. *The October 27 Letter*

On October 27, 1988, the same date that the EEO officer sent notice of the final interview, Stocke mailed the Army a letter notifying the Army that Stocke rejected the EEO officer's resolution of the claim and that Stocke would pursue litigation. The effect of this letter is in dispute.

The Army contends that Stocke's October 27 letter did not constitute a formal complaint within the meaning of the regulation. Therefore, the Army had no reason to reply to it. Further, the Army notes that on November 30, 1988, Stocke sent another letter to the Army that was labeled "Formal Complaint." The Army contends that if the October 27 letter had been the formal complaint, the November 30 letter would have stated that it was a *follow-up*, not a "Formal Complaint." The magistrate accepted the Army's argument, finding that the November 30 letter, and not the October 27 letter, was the formal complaint and it was untimely because it was not filed within fifteen days of the final interview. *See* 29 C.F.R. § 1613.214(a)(1). Because the letter was untimely, the magistrate found that Stocke did not properly exhaust administrative remedies. *See Cooper v. Bell,* 628 F.2d 1208, 1211 (9th Cir. 1980) (Equal Employment Opportunity Act "contemplates that invocation of administrative remedies as a condition precedent to litigation").

We reverse the magistrate's holding. We recognize that the October 27 letter was not the preferred complaint format. *See* 32 C.F.R. § 588.14(b).[3] Nonetheless, we find the essential inquiry is whether the October 27 letter fulfilled all of the regulatory elements required for a formal complaint. We conclude that it did. *See* 32 C.F.R. § 588.14; 29 C.F.R. § 1613.214(a). The October 27 letter notified the EEO officer about the facts and legal theory of Stocke's claim for sexual discrimination. Specifically, the letter noted Stocke's "complaints of repeated unwanted verbal and physical sexual advances by Mr. Langford, Sgt. Kellog and Col. Hill." Moreover, the letter put the EEO officer on notice that Stocke found his suggested resolution of the dispute unacceptable and that Stocke intended to proceed with litigation.[4] Further, the letter was filed within fifteen days of the final interview; it was sent to and received by the proper people; and it

---

**3.** Section 588.14(b) reads:

> Complaints should be submitted on DA Form 2590–R (Formal Complaint of Discrimination). *Complaints submitted in letter form, while not preferred, will be accepted if they meet the other requirements* of this regulation. However, in this situation, the EEO officer will complete a DA Form 2590–R and attach it to the letter. DA Form 2590–R will be reproduced locally on 8–by–11 inch paper. (Emphasis added).

**4.** The Army construes the October 27 letter as indicating Stocke would proceed with litigation, not proceed with the administrative process, and that the letter did not properly follow the required procedures. We reject this argument.

We find no reason to read Stocke's letter so narrowly. The intent of Stocke's letter was clearly to move forward with her sex discrimination claim. The administrative process is a condition precedent to filing the litigation. It would, indeed, be a strained construction to conclude that Stocke intended to proceed with useless litigation that would be barred at the outset because of failure to exhaust administrative remedies.

was sent by Stocke's attorney, a representative designated in writing.

 At oral argument, the Government conceded that had the October 27 letter been entitled "Formal Complaint," it would have sufficed as a formal complaint. We see no reason to penalize Stocke for not using the heading "Formal Complaint," when no such requirement is found in the regulations. Accordingly, we find that Stocke's October 27 letter met the regulatory elements of a final complaint. *See* 32 C.F.R. § 588.14(a), (c)(4).[5] Therefore, the EEO officer should have accepted Stocke's October 27 letter as her formal complaint. *See id.* § 588.15(a). Section 558.15(a) states that "a complaint *will* be accepted by the EEO officer" unless it falls into a list of inexcusable exceptions. (Emphasis added.) Stocke's October 27 letter did not fall within any of the noted exceptions.

 Alternatively, if the letter was defective, the EEO officer was obligated to notify Stocke that he rejected the letter. *See* 32 C.F.R. §§ 588.16(b), (d).[6] Here, however, the October 27 letter was received but was not responded to in any fashion.

## C. *Conclusion*

The Army asks this court to make a ruling which places form above substance. We decline to do so. Although Stocke's October 27 was not the model of clarity, it did have all the elements of a formal complaint. The Army, on the other hand, failed to follow its own regulations which have built-in safeguards to help streamline the Title VII procedures and resolve ambiguities in formal complaints. *See* 32 C.F.R. §§ 588.13, 588.14(b), 588.16(d).

We find that Stocke's October 27 letter constituted a formal complaint. Therefore, Stocke met the time deadline and exhausted her remedies. Accordingly, we reverse and remand. Stocke is entitled to proceed with her Title VII action.

REVERSED and REMANDED.

---

**5.** *Section 588.14, entitled* Filing a formal complaint, *reads in pertinent part:*

> (a) A formal complaint must be filed within 15 calendar days after the date of receipt of the notice of final interview with the EEO counselor. The formal complaint must be filed in writing by the complainant. If vague or general allegations are contained in the complaint, the complainant will be given an opportunity to provide specific information that will clearly define the issues. If specific information is not provided, the vague or general allegations of the complaint will be canceled for failure to prosecute.
>
> . . . .

(c)(4) Upon receipt of the formal complaint, the EEO officer will indicate the MACOM against which the complaint is filed, code the matters giving rise to the complaint, ensure the DA Form 2590–R is completed, and immediately submit one copy of the completed DA Form 2590–R to EEOCCRA.

**6.** Section 588.16(d) reads in pertinent part:
> The EEO officer will provide the complainant ... a written decision within 5 calendar days after the complaint is received.... The decision must specify which allegations or parts of a complaint were accepted and explain the grounds for any rejection or cancellation.