972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jared BUTLER, Plaintiff/Appellant,
v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al., Defendant/Appellee.
 No. 90-16480.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided July 29, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jared Butler appeals pro se the district court's order granting Appellee San Francisco Unified School District's ("School District") motion for summary judgment in Butler's action alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (1981 & Supp.1992). Concluding that Butler's contentions lack merit, we affirm.
 
 
 3
 In March 1987, Butler, a former employee of the School District, filed a charge of discrimination with the Federal Equal Employment Opportunity Commission ("EEOC") pursuant to Title VII, alleging that the School District hired white and Chinese teachers with less experience and education to permanent positions while maintaining him as a substitute teacher. In a letter dated October 26, 1989 and entitled "Determination on Review and Dismissal of Title VII Charges," ("right-to-sue letter") the EEOC stated that its investigation of Butler's claims did not establish a violation of the statute. The right-to-sue letter also contained the following language: "[i]f charging party decides to sue, charging party must do so within 90 days from the receipt of this determination; otherwise the right to sue is lost." The letter was sent by certified mail, and the signed post office receipt indicates that Butler received the letter on November 4, 1989. Butler filed his complaint in federal court on February 28, 1990, three weeks after the ninety-day period for filing had expired.
 
 
 4
 On September 26, 1990, the district court granted the School District's motion for summary judgment due to Butler's untimely filing of his action. Butler filed a timely notice of appeal on October 9, 1990.
 
 
 5
 Title VII provides that within ninety days after receipt of a right-to-sue letter "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1); see Baldin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curiam). The ninety-day filing period is a statute of limitation not a jurisdictional requirement and therefore, is subject to equitable tolling. Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.1992); Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174 (9th Cir.1986), amended on other grounds, 815 F.2d 570 (1987). In deciding whether to apply equitable tolling a court examines " 'whether congressional purpose is effectuated by tolling ... in given circumstances.' " Id. at 1174 (quoting Burnett v. New York Central Railroad, 380 U.S. 424, 427 (1965)). In deciding whether to apply equitable tolling to extend the ninety-day filing period, we examine a number of factors including whether the claimant received adequate notice of the deadline; whether the opposing party engaged in misconduct; and whether the claimant acted diligently by attempting to file a timely complaint. Baldwin, 466 U.S. at 151; Scholar, 963 F.2d at 268 (discussing equitable tolling applied to private employer cases) (citing Irwin v. Veterans Admin., 111 S.Ct. 453, 457-58 (1990)).
 
 
 6
 We conclude that Butler failed to provide a sufficient explanation to justify an equitable tolling of the ninety-day deadline to allow filing of his Title VII action. Butler contends that his untimely petition should be excused because he received confusing materials from the opposing party; he lacked financial assistance and could not obtain legal counsel; and he was hindered from filing because of the 1989 San Francisco earthquake.
 
 
 7
 None of these explanations meet the requirements for equitable tolling. Butler does not dispute that he received timely and adequate notice based upon the EEOC's right-to-sue letter. Scholar, 963 F.2d at 268 (equitable tolling considered "when the EEOC's notice of the statutory period was clearly inadequate"). Nor does Butler argue that this is a case "where the court has led plaintiff to believe [he] had done everything required of [him]." Baldwin, 466 U.S. at 151.
 
 
 8
 Moreover, although Butler asserted that he was unable to obtain an attorney, he did not move the district court for appointment of counsel until February 28, 1990, which was after the statutory period ended. Id. Butler claimed that he was confused by the School District's actions concerning the ninety-day period, however, he did not assert before the district court, nor did the district court find, that there was affirmative misconduct by the School District which "lulled ... [him] into inaction." Id. (citing Villasenor v. Lockheed Aircraft Corp., 640 F.2d 207 (9th Cir.1981)).[1] Finally, Butler's contention that the 1989 earthquake interfered with his ability to deal with his case is inadequate to merit tolling. Butler neither showed that he diligently attempted to file a timely complaint, nor that he sought an extension of time or "grace period" in which to file his complaint as he claims other litigants were accorded. Id. ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").
 
 
 9
 Butler also argues that the School District improperly refused to respond to his interrogatories. He fails to provide, however, any explanation why he did not raise this issue in his opposition to the motion for summary judgment in the district court. Thus, he is precluded from raising the issue for the first time in this appeal. Davis, 927 F.2d at 1479. Butler's contention that Judge Lynch was partial in that he favored defense counsel suffers the same fate. Because Butler did not object to the judge's behavior in the district court or move for reconsideration, we decline to review his claim of judicial misconduct. United States v. Utz, 886 F.2d 1148, 1151 (9th Cir.1989), cert. denied, 110 S.Ct. 242 (1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Butler argues that the School District unfairly alleged in its reply pleadings before the district court that he attempted to perpetrate a fraud on the district court. It appears, however, that Butler in fact attempted to persuade the district court that he did not receive his right-to-sue letter in a timely fashion. This attempt by Butler is belied by the postal receipt, which indicates that Butler received timely notice of the ninety-day deadline. Thus, the School District's allegations were not unfounded. In any event, Butler failed to raise this issue before the district court--a failure that prevents him from raising the issue for the first time on appeal. Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.), cert. denied, 112 S.Ct. 575 (1991)