977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ed RANSOM, Plaintiff-Appellant,
v.
SECRETARY OF the NAVY, Defendant-Appellee.
Ed RANSOM, Plaintiff-Appellant,
v.
SECRETARY OF the NAVY, Defendant-Appellee.
Ed RANSOM, Plaintiff-Appellant,
v.
SECRETARY OF the NAVY, Defendant-Appellee.
 Nos. 91-15716, 91-15807, and 91-15808.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1992.*
Decided Oct. 19, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ed Ransom appeals the district court's dismissal of his consolidated complaints of civil rights violations on the part of his employer. We affirm in part, reverse in part, and remand.
 
 
 3
 We review the district court's order dismissing the complaints de novo. California Home Brands, Inc. v. Ferreira, 871 F.2d 830, 832 (9th Cir.1989). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Oregon Natural Resources Council v. Mohla, 944 F.2d 531, 533 (9th Cir.1991). In civil rights actions, we are obliged to construe the pleadings liberally. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).
 
 
 4
 Ransom is an African-American employed by the United States Naval Aviation Depot. The Depot has a policy of rewarding employees who make beneficial suggestions about how to improve its operating procedures. Ransom submitted two such suggestions, one on August 8, 1984, the other on May 5, 1985. Ransom maintains that his employer's racial discrimination against him resulted in the improper treatment of his beneficial suggestions. These two incidents form the basis for the first two complaints now before this panel. Ransom's third complaint alleges that his employer improperly retaliated against him on account of his civil rights complaints.
 
 
 5
 Ransom's three complaints alleging that the Depot violated Title VII of the Civil Rights Act of 1964 were filed in the district court on October 13, 1987, October 28, 1987, and March 21, 1988, respectively. After the complaints were consolidated, the district court granted the defendant's motion to dismiss all three on April 19, 1991.
 
 DISCUSSION
 
 6
 I. Complaints One and Two: Timely Exhaustion of Administrative Remedies
 
 
 7
 A plaintiff in an employment discrimination case must timely exhaust his or her administrative remedies before turning to the federal courts. Cooper v. Bell, 628 F.2d 1208, 1211 (9th Cir.1980). 29 C.F.R. § 1613.213(a)(1)(i) gives the claimant 30 days from the date he knew or reasonably should have known about the discriminatory event to consult with an Equal Opportunity Counselor about his complaint. Ransom's first two claims were dismissed because of his failure to comply with this rule.
 
 A. Complaint One
 
 8
 In late August, 1984 Ransom and a white co-worker filed a suggestion with the Depot. On or about November 27, 1985, the Depot notified the men that their suggestion merited a $50 bonus. Although his co-worker accepted the bonus, Ransom did not. Maintaining that the suggestion was worth more than $50, Ransom contended that the Depot undervalued it because he was black and in reprisal for his prior claims of racial discrimination. Ransom's supervisor forwarded his appeal to the Depot review board, which affirmed the award on or about February 7, 1986.
 
 
 9
 Ransom sought informal counseling from an Equal Employment Opportunity ("EEO") counselor on February 27, 1986 and filed a formal complaint with the EEO April 24, 1986. The EEO denied Ransom's claim because he did not seek EEO counseling within 30 days of the rejection of his beneficial suggestion. His appeal to the Equal Employment Opportunity Commission was denied on September 17, 1987.
 
 
 10
 Ransom first argues that his initial discussion with the EEO counselor was timely because he continued to dispute the $50 award with his supervisor. This argument is meritless. "The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985). Ransom does not allege that he was unaware of his potential discrimination claim at the time his supervisor first informed him of the $50 award for his suggestion. Nor did he alter the finality of the award decision or toll the limitations period by availing himself of the internal appeals process of the Depot. United States v. Ricks, 449 U.S. 250, 261 (1980), Boyd, 752 F.2d at 414.
 
 
 11
 Alternatively, Ransom argues that the principles of waiver and equitable tolling should be applied to his case. Because the time limit for consulting a counselor is interpreted in this circuit as a statute of limitation rather than as a jurisdictional requirement, it is subject to waiver and equitable tolling in exceptional cases. Cosgrove v. Bolger, 775 F.2d 1078, 1080 (9th Cir.1985). However, Ransom has not given us any reason to attribute his delay to anything more than lack of diligence in pursuing his claim. In such a circumstance, equitable tolling is not appropriate. Irwin v. Veterans Administration, 111 S.Ct. 453, 457-458 (1990).
 
 
 12
 Finally, Rice v. Hamilton Air Force Base, 720 F.2d 1082 (9th Cir.1982), which Ransom cites in support of his position, is not helpful to him. Rice holds only that a pro se plaintiff's timely filed complaint cannot be barred on account of its defective form.
 
 B. Complaint Two
 
 13
 In the late summer or early fall of 1985, Ransom offered a second improvement suggestion to the Depot. It was rejected on October 18, 1985. Ransom resubmitted the suggestion on November 12, 1985, and it was again denied on December 2, 1985. In late November, Ransom noticed that other employees were following the procedure he had unsuccessfully suggested. Ransom believed that he was denied the appropriate bonus because of his race (a violation of 42 U.S.C. § 2000-2(a)(1)). He requested EEO counseling on December 2, 1985, and filed a formal complaint with the EEO on March 12, 1986. The EEO rejected his complaint on June 2, 1987, on the ground that he failed to bring it to an EEO counselor within 30 days of the Depot's rejection of his suggestion. Ransom appealed to the EEOC, which affirmed the EEO's decision on October 16, 1987.
 
 
 14
 We are unable to say that Ransom can prove no set of circumstances that would entitle him to relief on this claim. Ransom asserts that he did not suspect his employer of discrimination until late November, when he observed his co-workers making use of the suggestion the Depot had rejected. If this assertion is true, it may well describe the earliest date at which Ransom "knew or reasonably should have known" that the Depot had not rejected his suggestion in good faith, but from discriminatory motives. Under such circumstances, the request for counseling Ransom made on December 2 would have been timely under 29 C.F.R. § 1613.213(a)(l)(i). Consequently, the district court erred by dismissing Ransom's second complaint.
 
 
 15
 III. Complaint Three: A Legally Cognizable Injury
 
 
 16
 Ransom's third complaint is that the Depot violated 42 U.S.C. 2003-3(a) by retaliating against him for bringing his discrimination claims. Ransom alleges that his supervisor's written appraisal of his performance included two derogatory remarks. He also claims that his supervisor singled him out by threatening to keep a "black book" on him and no one else, which would be used to deny him promotions and overtime. Finally, Ransom was also singled out by being sent to remedial training program with a co-worker who had also filed complaints with the EEOC.
 
 
 17
 The district court dismissed this third complaint because none of the three incidents which Ransom describes render him "aggrieved" under Title VII. In dismissing the complaint, the court noted that the two derogatory remarks in question had been removed from Ransom's file and no others had been added. It also observed that no further objectionable remarks had been added to the file and that in any event, it was the supervisor's responsibility to inform Ransom that his work-related actions would be documented for future performance appraisals.
 
 
 18
 However, Ransom contends that when viewed together, these three incidents of reprisal trace a pattern of harassment and intimidation which describes a hostile work environment. In Ellison v. Brady, 924 F.2d 872, 877 (9th Cir.1991), we indicated that "conduct which unreasonably interferes with work performance can alter a condition of employment and create an abusive work environment." Construing his pleadings liberally, we cannot say that Ransom's allegations do not meet the standard for a hostile or abusive working environment. For example, even though two prior negative reports had been removed from his work record, the threat of Ransom's supervisors to single his work out for special critical scrutiny could have made him so nervous as to hinder his job performance.
 
 
 19
 It is of no import that Ransom did not cast his reprisal complaint in terms of a hostile work environment in his argument before the district court. We are obliged to deny a motion to dismiss if the allegations provide for relief on any possible legal theory, whether or not raised by the plaintiff. Electrical Constr. & Maintenance Co. v. Maeda Pac. Corp., 764 F.2d 619, 622-23 (1985). Moreover, the legal novelty of his hybrid "reprisal" and "hostile work environment" claim renders us all the more reluctant to dismiss the complaint. Id.
 
 
 20
 The district court's order of dismissal is AFFIRMED with regard to the first complaint and REVERSED with regard to the second and third complaints.
 
 
 
 *
 The panel finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3