**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAVINDRA K. PATEL; et al.,

          Plaintiffs - Appellants,

   v.

KISHOR PATEL; et al.,

          Defendants - Appellees.

No. 10-57060

D.C. No. 2:10-cv-05818-GHK-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and MUELLER, District Judge.[**]

Ravindra K. Patel and Yogi Krupa, Inc. appeal the district court's dismissal

with prejudice for lack of subject matter jurisdiction of their first amended

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for Eastern California, sitting by designation.

complaint alleging one claim, for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* Having conducted a de novo review, we hold that the district court's decision was not clearly erroneous. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir. 1989); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999). Accordingly, we affirm.

The district court applied the substantiality doctrine in finding that it lacked subject matter jurisdiction. "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issue on the merits.'" *Id.* (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Appellants' allegation that defendants-appellees Kishor and Gita Patel engaged in a pattern of racketeering activity by dealing in obscene matter is devoid of merit under both 18 U.S.C. §§ 1961(1)(A) and (B). We have not considered appellants' Federal Rule of Appellate Procedure 28(j) letter filed on May 4, 2012

because it raises new arguments, which we consider waived for purposes of this appeal. *Confederated Tribes v. Bonneville Power Admin.*, 342 F.3d 924, 933 (9th Cir. 2003); *Medina-Morales v. Ashcroft*, 362 F.3d 1263, 1269 n.6 (9th Cir. 2004). This decision does not foreclose appellants from bringing their new theory in a new case. *Cook*, 775 F.2d at 1035. Appellees' request for judicial notice is denied as moot. (Doc. No. 21.)

**AFFIRMED**.