**Sharlene FELLOWS, Plaintiff,**

v.

**EARTH CONSTRUCTION, INC., Defendant.**

**Civ. A. No. 90–207.**

United States District Court, D. Vermont.

Oct. 16, 1992.

Deborah T. Bucknam, St. Johnsbury, Vt., for plaintiff.

Heather Briggs, Downs Rachlin & Martin, Burlington, Vt., for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

The underlying facts of this case are fully set forth in this court's February 26, 1992 Opinion and Order. 794 F.Supp. 531. As such, familiarity with them is presumed.

On February 26, 1992, this court granted defendant's motion for Summary Judgment as to plaintiff's Fair Employment Practices Act claim, and denied defendant's motion for Summary Judgment as to plaintiff's Title VII claim. In its first Motion to Reconsider, defendant argued that it was not clear whether the court considered the merits of plaintiff's Title VII claim. On July 28, 1992, this court denied defendant's first Motion to Reconsider its February 26, 1992 ruling. Defendant again moves the court to reconsider its February 26, 1992 Opinion and Order, this time arguing that the court's previous analysis of the pertinent case law was defective. Upon re-examination of the case law controlling the instances where the tolling of the statute of limitations is appropriate, this court has discovered significant error in its February 26, 1992 Opinion and Order. The court previously analyzed the issue of untimely filing of the plaintiff's complaint under an "excusable neglect" standard. The court concedes that this analysis was improper. The statutory time limits applicable to lawsuits against private employers under Title VII are subject to "equitable tolling," *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982)); *Crown, Cork & Seal, Co. v. Parker*, 462 U.S. 345, 349 n. 3, 103 S.Ct. 2392, 2396 n. 3, 76 L.Ed.2d 628 (1983), not "excusable neglect." In light of the court's previous misapplication of the law governing this case, it is incumbent upon the court to re-examine the issue regarding the untimely filing of plaintiff's complaint under the appropriate standards.

## DISCUSSION

Defendant's Motion for Reconsideration again asserts that it should be granted summary judgment, since plaintiff's complaint was filed untimely causing it to be barred by Title VII's statute of limitations. Title VII provides that within ninety days after the issuance of a right to sue letter, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1). Plaintiff received a right to sue letter from the EEOC on April 18, 1990. In order to preserve her right to bring suit against her employer, plaintiff must have commenced suit by July 17, 1990. The record makes clear that Plaintiff served her Complaint on defendant on July 3, 1990, but she did not file a complaint with the Superior Court until sometime in August.[1] It is not disputed that plaintiff's Complaint was filed untimely.

■ In the court's February 26, 1992 Opinion and Order, the distinction between public and private employers was used as a basis for determining whether principles of

---

1. It is unclear precisely when in August the Summons and Complaint were filed. Defendant's Memorandum in Support of its Motion for Summary Judgment (Paper # 16) indicates that the Complaint was filed with the court on August 14, 1990, while Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Paper # 19) maintains that the Complaint was filed on August 3, 1990. More-over, defendant's Memorandum of Law in Response to Plaintiff's Reply memorandum (Paper # 27) insists that the Complaint was not filed until August 21, 1990. *See also infra*, note 3. In any event, the exact date in August on which the Complaint was actually filed with the court is not a material fact in dispute, since the plaintiff expressly concedes that she did not meet the twenty-day filing requirement of V.R.C.P. 3.

equitable tolling apply. Upon review of *Irwin v. Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the court acknowledges that its previous reading of *Irwin* was erroneous. Contrary to the court's February 26, 1992 Opinion and Order, the public versus private employer distinction is irrelevant for purposes of applying the principles of equitable tolling. In *Irwin,* the United States Supreme Court simply extended the doctrine of equitable tolling, making it applicable against the Government where issues of sovereign immunity are present. 498 U.S. at ——, 111 S.Ct. at 457. The Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to. suits against the United States." 498 U.S. at ——, 111 S.Ct. at 457. Consequently, this court's prior emphasis on the public versus private employer distinction was flawed. The real focus of the inquiry should have been on whether the facts of this case warrant application of the doctrine of equitable tolling.

■ In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the United States Supreme Court examined the standards governing the applicability of the doctrine of equitable tolling in a Title VII case. In *Baldwin County,* the plaintiff had filed a complaint with the EEOC alleging discriminatory treatment by her former employer. *Id.* at 148, 104 S.Ct. at 1724. A notice of right to sue was issued to her on January 27, 1981. This notice required that suit be filed within ninety-days. Later, plaintiff mailed the notice to the United States District Court, where it was received on March 17, 1981. She also requested appointment of counsel. *Id.* On June 9, 1981, the 130th day after the receipt of the right to sue letter, plaintiff filed an "amended complaint." *Id.*

The District Court held that plaintiff had forfeited her right to pursue her Title VII claim because of her failure to file her complaint within 90–days of the receipt of the right to sue letter. *Id.* at 148–49, 104 S.Ct. at 1724–25. The Court of Appeals

reversed, holding that the right to sue letter "tolls" the time period provided by Title VII. *Id.* at 149, 104 S.Ct. at 1724.

The Supreme Court reversed, holding that the court's jurisdiction is not "tolled" by the filing of the right to sue letter. The Court further noted that there was nothing "in the record to call for the application of the doctrine of equitable tolling." *Id.* at 151, 104 S.Ct. at 1725. In this regard, the court explained that:

> This is not a case in which a claimant has received inadequate notice, *see Gates v. Georgia–Pacific Corp.,* 492 F.2d 292 (9th Cir.1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, *see Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972); or where the court has led the plaintiff to believe that she had done everything required of her, *see Carlile v. South Routt School District RE 3–J,* 652 F.2d 981 (10th Cir. 1981). Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *See Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (9th Cir.1981).... The simple fact is that [plaintiff] was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Id.*

In *Irwin,* supra, the Supreme Court recently emphasized that federal courts have extended equitable relief sparingly in suits against private litigants, allowing tolling where the claimant had actively pursued his judicial remedies by filing a defective pleading during the statutory period, *see Burnett v. New York Central R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), or where the complainant has been induced or tricked by his adversary's misconduct into allowing a filing date to pass. *See Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). *Irwin* involved a claim by plaintiff's counsel that untimely filing of the complaint should be excused because

he was out of the office when the notice of right to sue letter was received. 498 U.S. at ——, 111 S.Ct. at 453. The Supreme Court stated unequivocally that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." 498 U.S. at ——, 111 S.Ct. at 458.

In an attempt to persuade this court that it should exercise its equitable powers, plaintiff submits the affidavit of Barbara Hill. Ms. Hill is the office manager of plaintiff's attorney, Deborah T. Bucknam. Ms. Hill's affidavit explains the circumstances during the time which the complaint should have been filed. According to Ms. Hill's affidavit, the action was not timely filed with the court because "[t]he month of July was very busy for Attorney Bucknam, as she had a jury trial regarding an automobile accident which had several experts involved." Further, "[s]he was also trying to meet deadlines and finish work because she was going to California from July 24, 1990 until August 10, 1990." Ms. Hill also notes that a clerk who had worked for Attorney Bucknam had recently left the office, and they were generally understaffed during that period of time. Finally, the office had mistakenly given the original complaint to the Sheriff for service on the defendant without making copies of the complaint to file with the court. When the mistake was later discovered, some time was required to draft another complaint.

The cases in which the federal courts have equitably tolled statutes of limitations share a common thread. In each case there occurred events beyond plaintiff's control, rendering it patently unfair to oblige the litigants to the strict time requirements set forth in the respective statutes. No similar event or intervening circumstance is present in the instant case. While the circumstances underlying the events in August of 1990 are unfortunate for plaintiff and her counsel, they do not comprise a situation warranting the exercise of the court's equitable powers. This case, unlike the cases cited above, is a matter of simple attorney neglect. The law is clear that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center*, supra, 466 U.S. at 151, 104 S.Ct. at 1726. As such, there is no basis for the application of the principles of equitable tolling.

Finally, plaintiff argues that since defendant was served process within the 90–day period during which plaintiff was required to commence the lawsuit, no prejudice can be claimed by the defendant. However, in *Baldwin County Welcome Center*, supra, the Supreme Court noted that the absence of prejudice alone "is not an independent basis for invoking the doctrine [of equitable tolling] and sanctioning deviations from established procedure." *Id.* at 152, 104 S.Ct. at 1726. The court concluded its analysis by adding:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mahasco Corp. v. Silver*, 447 U.S. 807, 826, [100 S.Ct. 2486, 2497, 65 L.Ed.2d 532] (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Id.*

Plaintiff, having voluntarily chosen her attorney, is necessarily bound by her attorney's acts. In light of the preceding analysis and the precedent cited therein, it is clear that the court's February 26, 1992 Opinion and Order was erroneous. Upon further review, Defendant's Motion to Reconsider is GRANTED, and Defendant's Motion for Summary Judgment is GRANTED.

## CONCLUSION

It is hereby ORDERED that defendant's Motion for Reconsideration (paper # 45 in the court's docket) is GRANTED.

It is further ORDERED that defendant's Motion for Summary Judgment (paper # 16 in the court's docket) is GRANTED.