**ROBERT E. DERECKTOR, INC., Plaintiff,**

v.

**David NORKIN, in personam, and motor vessel CARILLON, her engine, tackle, etc. in rem, Defendants.**

No. 92 Civ. 0599 (VLB).

United States District Court, S.D. New York.

May 11, 1993.

Jeffrey S. Stephens, Rye, NY, for plaintiff.

Moshe Z. Mirsky, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case arises out of an agreement under which the plaintiff company was to repair the defendant oceangoing vessel Carillon, owned by the individual defendant Norkin. Plaintiff arrested the vessel and has brought this action against it (*in rem*) and its owner (*in personam*) for nonpayment; defendants counterclaimed based on alleged overcharges on the part of plaintiff.

A settlement was reached and signed by the parties, which I "so ordered" on November 20, 1992. It called for defendant Norkin to pay $21,500 to plaintiff in two installments: $10,000 on or before December 15, 1992 and the balance no later than March 15, 1993.

The settlement contained no conditions other than the above. It provided that the action be dismissed on March 31, 1993 if the required payments were made. Defendant Norkin failed to make the payments, and plaintiff has moved for sale of the vessel. I grant plaintiff's application for the reasons set forth below.

### II

Defendant Norkin challenges the court's subject matter jurisdiction. A challenge to subject matter jurisdiction is properly raised at any time, even at the stage of enforcing a settlement agreement. See Fed. R.Civ.P. 12(h)(3). I treat Norkin's submission as an application for dismissal of the case, entertain it as such, and deny the application.

Repair of a marine vessel is the subject matter of the contract for breach of which this suit was brought. The district courts have subject matter jurisdiction in such cases under Article III of the Constitution, implemented by 28 U.S.C. § 1333 and by 46 U.S.C. § 31342, which provides for maritime suits for failure to pay for necessaries to be provided to a vessel. See generally *North Pacific Steamship Co. v. Hall Brothers,* 249 U.S. 119, 39 S.Ct. 221, 63 L.Ed. 510 (1919); *Riffe Petroleum Co. v. Cibro Sales Corp.,* 601 F.2d 1385 (10th Cir.1979); *Point Adams Packing Co. v. Astoria Marine Construction Corp.,* 594 F.2d 763 (9th Cir. 1979).

The Supreme Court has recently made it clear that admiralty jurisdiction embraces all matters relating to use, support or mainte-

nance of navigable vessels. See *McDermott International v. Wilander,* 498 U.S. 337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991); *Exxon Corp. v. Central Gulf Lines,* —— U.S. ——, 111 S.Ct. 2071, 114 L.Ed.2d 649 (1991). *Exxon* overruled *Minturn v. Maynard,* 58 U.S. 477, 15 L.Ed. 235 (1854), which had excluded general agency contracts from admiralty jurisdiction. The Court in *Exxon* found that admiralty jurisdiction is "designed to protect maritime commerce." —— U.S. ——, 111 S.Ct. at 2076. The limitations imposed in *Minturn* were held inconsistent with that protection. *Exxon* and *McDermott,* while not opening the federal courts to suits with only tangential relationship to shipping, indicate that cramped constructions of 28 U.S.C. § 1333(1) are decisively obsolete. See generally *Illinois Constructors Corp. v. Morency & Associates,* 794 F.Supp. 841 (N.D.Ill.1992); *Venezuelan Container Line v. Navitran Corp.,* 792 F.Supp. 1281 (S.D.Fla.1991); Huiss, "Admiralty Opens Its Doors to Agency Contracts Which Are Maritime in Nature," 17 S.Ill.U.L.J. 173 (Fall 1992).

## III

■ Jurisdiction over a case embraces enforcement of the settlement, at least where the parties are identical and the settlement provides for the same kind of relief prayed for in the complaint over which jurisdiction exists (monetary payment for the alleged breach of the maritime contract); no express reservation of jurisdiction is necessary where the federal claim is the subject of the settlement agreement. See *Gamewell Manufacturing v. HVAC Supply,* 715 F.2d 112 (4th Cir.1983); *Sansom Committee by Cook v. Lynn,* 735 F.2d 1535 (3d Cir.1984); *In re Corrugated Container Antitrust Litigation,* 752 F.2d 137 (5th Cir.1985); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368 (6th Cir.), *cert. denied* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976).

■ Moreover, were an express retention of jurisdiction necessary under the circumstances here, the settlement here provides it: the case was to be dismissed only if the settlement terms were fulfilled by the named date. This did not occur.

## IV

■ Defendant Norkin argues that the settlement contains a hidden condition that he only be required to pay the specified amounts if he receives funds to do so. I reject this contention.

Implicit conditions are inherent in all documents, see Llewellyn, "Meet Negotiable Instruments," 44 Colum.L.Rev. 298, 322 (1944). And debt collection remedies can be tempered based on the circumstances, see 28 U.S.C. § 3013, discussed in *Bridgestone/Firestone v. Recovery Credit Services,* 147 F.R.D. 66 (S.D.N.Y.1993).

These avenues for protection do not assist defendant Norkin.

■ The availability of safeguards which can act as brakes against what might otherwise be excessively harsh debt collection measures does not indicate that they should be applied blindly. Where a promise is conditioned on ability to pay, this is ordinarily specifically stated. There is no basis for automatic inference of an ability-to-pay precondition to the imposition of some appropriate remedy for breach of a promise to make specified payments contained either in a settlement agreement or in any ordinary commercial contract, absent some indication either that the precondition was bargained for or that it was inherent in the agreement. Although defendant Norkin has an understandable desire not to lose the vessel, no such indication is suggested here. See Farnsworth, "Disputes Over Omissions in Contracts," 68 Colum.L.Rev. 860 (1968).

## V

■ Defendant Norkin invokes Supplemental Admiralty Rule B(1) to challenge personal jurisdiction, arguing that the attachment of the vessel was improper since he had contacts with New York sufficient to make him present in this district. Norkin further claims that the vessel has been withdrawn from navigation, presumably because of or during the dispute reflected in this litigation, and that plaintiff is guilty of laches in pursuing this action.

These matters have been waived by the settlement agreement. One may not settle a case and then seek to litigate that case.

Defendant Norkin settled plaintiff's claim against him. He has defaulted on the payments required by the settlement, and now seeks to litigate the merits while retaining the protection of the November 20, 1992 settlement, which he has not asked me to vacate. Norkin's position contradicts the purpose and function of settlements in litigation.

## VI

 Plaintiff asserts that the sale should be made to protect its underlying claim. I decline to order a sale for that purpose. I note in passing that no basis for emergency interim relief has been established. More importantly, however, this case has been settled. Plaintiff cannot rely on defendants' breach of the settlement agreement and at the same time seek to overpass its limits.

I do, however, grant plaintiff's application for an order to sell the defendant vessel for the purpose of satisfying the settlement. No deficiency judgment against the defendant Norkin is provided for in the settlement, nor will it be provided for in the order of sale or this order. While the order for sale which I shall sign does not specify the disposition of proceeds, they shall be distributed as follows: after necessary expenses have been paid, $21,500 due plaintiff on the settlement shall be paid to plaintiff together with any expenses, which will include reasonable expenses of maintenance of the vessel from the date of settlement of the vessel from the date of the settlement to the date of sale, and the post-settlement litigation expenses incurred by plaintiff. Any express proceeds remaining shall be paid to defendant Norkin.

Once this is accomplished, either party may move for dismissal of this case with prejudice and without costs.

SO ORDERED.