Elizabeth **FUGARO** as Parent and Natural Guardian of Jenna Fugaro, an Infant and Elizabeth Fugaro, Individually, Plaintiffs,

v.

**ROYAL CARIBBEAN CRUISES LTD., Defendant.**

No. 93 Civ. 7447 (VLB).

United States District Court, S.D. New York.

April 7, 1994.

Marc L. Winograd, Essner & Winograd, Tarrytown, NY, for plaintiff.

John P. Flanagan, Clapp & Eisenberg, Newark, NJ, for defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

#### I

This case involves an accident on board a cruise ship of the defendant Royal Caribbean Cruises Ltd. ("Royal"). The plaintiff's daughter is alleged to have been injured on August 20, 1992, due to a fall on a pool deck and onto drinking glasses on its floor causing a deep right leg laceration. Royal has moved for summary judgment based upon a one-year time limitation upon such lawsuits set forth in the ticket covering the voyage. The motion is denied.

#### II

The NYNEX Manhattan White Pages for 1990–1991 include a listing for "Royal Caribbean Cruises" at "10 Pier 92 North River."

A ticket for the voyage on which the incident occurred was furnished to plaintiff, so far as the evidence now indicates, after space on the voyage had been ordered and payment or a commitment to payment made. The ticket contained in prominent contracting colors a statement indicating that any personal injury suits such as that involved here must be brought within one year.

On October 30, 1992, approximately two (2) months after the incident, plaintiff's counsel delivered to a process server a state court

summons and complaint in a lawsuit against Royal based upon the incident. The process server was instructed to serve Royal Caribbean Cruises, Ltd. at 10 Pier 92 North River, New York, New York, and attempted to do so unsuccessfully on nine (9) occasions in November and December 1992. The process server was told by neighbors that "this is a one man operation" and that headquarters was "based somewhere in Florida." The present federal claim was filed on October 29, 1993, approximately two (2) months after the deadline for initiating suit under Royal's ticket provision.

### III

■ A threshold problem confronted by Royal is whether or not the restrictions set forth in the ticket are binding upon plaintiff. Litigation surrounding the effectiveness of a "contract ticket" containing limitations on lawsuits for injury has focused on the necessity for the format, type size and language to "impress the importance of the terms and conditions upon the passenger." *Spataro v. Kloster Cruise Ltd.*, 894 F.2d 44 (2d Cir. 1990). As in that case, this test appears to have been met by Royal's ticket which uses contrasting colors.

■ Despite language indicating that a customer agrees to the terms by accepting the actual voyage after receiving the ticket, it is unclear that this can form a binding agreement if the customer has already paid or initiated payment for the trip before receiving the ticket. A party must not only be told of the contents of a contract, but manifest agreement at a time when a meaningful choice can be made without incurring a disadvantage because of timing within the control of the other party to the transaction. See *Jones v. Wide World of Cars*, 820 F.Supp. 132 (S.D.N.Y.1993). Unilaterally imposed "contracts" unsigned by the party to be bound and furnished only after consideration has passed are noncontractual in nature. See *Bier Pension Plan Trust v. Estate of Schneierson*, 74 N.Y.2d 312, 545 N.E.2d 1212, 546 N.Y.S.2d 824 (1989); *Sandler v. Commonwealth Station Co.*, 307 Mass. 470, 30 N.E.2d 389 (1940).

*Spataro* and other cases upholding time limits on lawsuits contained in oceangoing voyage tickets do so by treating the limitation involved as a "contractual limitations period." 894 F.2d at 45. The ability of ocean carriers to impose time limits on customer lawsuits is, however, regulated by 46 USC Appendix 183b, which provides in part:

(a) It shall be unlawful for the ... owner of any sea-going vessel ... to provide by rule, contract, regulation, or otherwise a shorter period ... for ... institution of suits on [claims for bodily injury] than one year. . . .

Although § 183b does not affirmatively authorize a "regulation" not constituting a contract to limit the time for bringing lawsuits against operators of vessels, it is written in such a way as to appear to *assume* that such a regulation is permissible if the time limit is within the scope allowed by the statute (as is Royal's here). Such a legislative assumption must be given weight if it serves the purposes of the statute. See generally Stone, "The Common Law in the United States," 50 Harv.L.Rev. 4, 12–18 (1936).

■ Because of the possible inference from § 183b that a cruise line's regulation if clearly disclosed on a ticket or similar document (as was the case here) may impose a one-year time limit on lawsuits growing out of cruise voyages, it will be assumed for the purposes of the present motion, without being decided, that Royal's ticket imposes a valid time limit on personal injury suits based on incidents occurring during the cruise.[1]

### IV

■ Otherwise untimely legal steps are permitted where the party benefitting from the time limit contributes significantly to the

---

1. In some instances, rules set forth in filed rates available for public inspection and approved by a regulatory authority and recited in tickets for information may be binding even if a copy of the ticket is not provided prior to purchase. See generally *Keogh v. Chicago & N.W. Ry.*, 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183 (1922), reaffirmed in *Square D Co. v. Niagara Frontier Tariff Bureau*, 476 U.S. 409, 106 S.Ct. 1922, 90 L.Ed.2d 413 (1986). Such rules are subject to judicial review concerning their reasonableness and adherence to legal norms. See *FMC v. Aktiebolaget Svenska Amerika Linien*, 390 U.S. 238, 88 S.Ct. 1005, 19 L.Ed.2d 1071 (1968).

delay invoked as a bar. As stated in *Schrader v. Royal Caribbean Cruise Line*, 952 F.2d 1008, 1013 (8th Cir.1991):

> the doctrine of equitable estoppel has been applied to prevent a defendant from relying on a limitations bar if that defendant contributed to confusion.

*Schrader* was decided under maritime law and involved confusion as to the proper party to be held responsible for an accident on a cruise vessel. Maritime law is applicable because admiralty jurisdiction is present in this case inasmuch as it involves disputes arising out of accidents on the high seas; such jurisdiction is "designed to protect maritime commerce." *Exxon v. Central Gulf Lines*, 500 U.S. 603, 611, 111 S.Ct. 2071, 2076, 114 L.Ed.2d 649 (1991); *Sirius Ins. Co. v. Collins*, 16 F.3d 34 (2d Cir.1994); *Robert E. Derecktor, Inc. v. Norkin*, 820 F.Supp. 791 (S.D.N.Y.1993).

Non-maritime federal cases adopt the same approach. See generally *Irwin v. VA*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Rys v. USPS*, 886 F.2d 443, 445 (1st Cir.1989); *Gallagher v. Donald*, 803 F.Supp. 899, 901 (S.D.N.Y.1992). Rulings under New York law are similar. *Gleason v. Spota*, 194 A.D.2d 764, 599 N.Y.S.2d 297 (2d Dept.1993).

In the present case, Royal contributed to plaintiff's confusion by permitting its name to be listed in the Manhattan telephone directly at—and solely at—an address which was apparently a one-man operation, and where diligent efforts to serve process proved unsuccessful.

It would be inequitable to permit Royal to clothe travel agents or others with apparent authority to represent it, deny them actual authority to accept papers, and then claim that papers timely when attempted to be served in that manner do not toll a time bar as imposed by Royal's ticket.[2]

### V

A further question raised by the parties is whether or not the injured party's status as a minor results in providing plaintiff with additional time to pursue this litigation extending beyond the one year limitation set forth in Royal's ticket. While this issue need not be reached, both federal and state provisions would appear to support the conclusion that plaintiff's current suit is timely.[3]

### VI

No laches causing prejudice to the defendant appears to have occurred or to have

---

2. Pendency of a lawsuit frequently tolls running of a limitation period. *Cullen v. Margiotta*, 811 F.2d 698, 727 (2d Cir.1987); *Town of Colonie v. Cahill*, 172 A.D.2d 904, 567 N.Y.S.2d 956 (3d Dept.1991). Such tolling is not available to plaintiff here. Attempted initiation of an action, after which there was a dismissal without prejudice or its equivalent, does not toll the statute of limitations. *Lubick v. Travel Services*, 573 F.Supp. 904 (D.V.I.1983).

An unsuccessful effort to proceed before the expiration of a time bar may, however, satisfy a timeliness requirement. If a "claimant has actively pursued ... judicial remedies by filing a defective pleading during the [applicable time] period," the limitation is deemed satisfied. *Fellows v. Earth Construction*, 805 F.Supp. 223, 225 (D.Vt.1992) and authorities cited.

Although the question need not be reached here, it may be argued that by delivering a summons and complaint to a process server who tried to serve it at the address in the telephone book, plaintiff actively pursued judicial remedies by filing what turned out to be a defective pleading (because sent to an ineffective address) during the period permitted by Royal's cruise ticket.

3. Under 46 USC Appendix 183b(c), a time limit such as that set forth in Royal's ticket is tolled

until a legal representative for a minor is appointed, provided this is done within three years.

Royal points out that under New York CPLR 1201 the plaintiff as parent with custody is automatically the minor's legal representative "if there is no ... guardian ..." The CPLR 1201 thus permits but does not require what might be termed the "default option" of parental representation to become effective.

Both federal and state statutes are silent in regard to the effect of the interacting statutes on a maritime injury to a minor who is a New York resident. The parties have indicated that the issue is one of first impression. Under such circumstances, the purposes of the statutes involved would control. See *United States v. Classic*, 313 U.S. 299, 317–18, 61 S.Ct. 1031, 1038–39, 85 L.Ed. 1368 (1941); *Tedla v. Ellman*, 280 N.Y. 124, 19 N.E.2d 987 (1939).

The Shipping Act as a whole and § 183b in particular, like most statutes, has multiple general objectives. These include both to "encourage shipbuilding," *Schwartz v. SS Nassau*, 345 F.2d 465, 469 (2d Cir.1965), and to protect consumers from overreaching, *Barrette v. Home Lines*, 168 F.Supp. 141 (S.D.N.Y.1958). These goals are complementary: protection of the legitimate interests of ship owners and operators is essential to the availability of maritime services to the public. Protection of the customer is necessary

been claimed. See generally *Bourne Co. v. Tower Records,* 976 F.2d 99 (2d Cir.1992). Royal makes no claim that the delay caused it to lose access to crucial witnesses or other information important to its defense of plaintiff's claim on the merits. No harm to Royal has been shown due to plaintiff's delay in filing the current federal claim two (2) months after the one-year time limit set forth in Royal's ticket, rather than one day before the expiration of that limit. See Fed. R.Civ.P. 61 (harmless error); *Wojik v. Postmaster General,* 814 F.Supp. 8 (S.D.N.Y. 1993) (time bar imposed where substantial delay occurred).

Under these circumstances there are no grounds for taking a narrower view of tolling doctrines in order to avoid their abuse. Compare *Thomas v. Yonkers Police Dept.,* 147 F.R.D. 77 (S.D.N.Y.1993) (service requirements).

SO ORDERED.

to permit the public to purchase such services with confidence, a result essential to the industry.

Insofar as pertinent here, the purpose of the federal statute would appear to be that inferred from its text: to protect minors from losing claims because of difficulty in obtaining representation. Likewise, the language of the CPLR provision makes it clear that its purpose is to leave the choice open to the minor and family members or other guardians concerning how to proceed if a minor is injured.