

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2002

# Gibbs v. Carnival Cruise

Precedential or Non-Precedential: Precedential

Docket No. 01-4101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Gibbs v. Carnival Cruise" (2002). *2002 Decisions.* Paper 801.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/801

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 20, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4101

CHRISTIAN JOSEPH GIBBS,
an infant by his Guardian
ad Litem SUZANNE GIBBS;
SUZANNE GIBBS;
RICHARD GIBBS, Individually

v.

CARNIVAL CRUISE LINES;
CARNIVAL CORPORATION;
ABC COMPANIES 1-10, (said
names being fictitious as
their identities are
presently unknown);
JOHN DOES 1-10, (said names
being fictitious as their
identities are presently
unknown)

Christian Joseph Gibbs;
Suzanne Gibbs;
Richard Gibbs, Appellants

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 00-cv-04089)
District Judge: Honorable Katherine S. Hayden

Argued: October 16, 2002

Before: BECKER, Chief Judge, ROTH and ROSENN,
Circuit Judges.

(Filed: December 20, 2002)

JOANNE SORRENTINO, ESQUIRE
 (ARGUED)
ROBERT FRANCIS GOLD, ESQUIRE
Gold and Albanese
48 South Street
Morristown, NJ 07960

Counsel for Appellants

MICHAEL E. UNGER, ESQUIRE
 (ARGUED)
PAMELA A. WHIPPLE, ESQUIRE
Freehill, Hogan & Mahar

850 Bergen Avenue
Jersey City, NJ 07306

Counsel for Appellee

OPINION OF THE COURT

BECKER, Chief Judge.

46 U.S.C. S 183b, a statute that regulates the contractual limitations on time for passengers to bring a lawsuit against maritime carriers, provides that carriers may not impose time-bars of less than one year. This minimum one year time-bar is tolled, however, for injured minors pursuant to S 183b(c); in such cases, the clock starts ticking only when the minor's "legal representative has been appointed," so long as such appointment occurs within three years of the minor's injury. Id. This appeal concerns the application of this statute to the personal injury claims of Christian Joseph Gibbs, a minor, and his parents Suzanne and Richard Gibbs (collectively, "the Gibbses"), who challenge the District Court's dismissal of their lawsuit against Carnival Corporation, d/b/a Carnival Cruise Lines ("Carnival"), charging Carnival with negligence, infliction of emotional distress, and breach of contract in connection with injuries suffered by Christian Gibbs aboard one of Carnival's cruise ships on August 25, 1998.

2

The passenger ticket contract between the Gibbses and Carnival included a provision that contained the minimum one year limitation allowable under the statute. The Gibbses and Carnival disagree as to when (or whether) Suzanne Gibbs was appointed guardian ad litem of Christian in order to serve as his "legal representative." Carnival contends that the appointment occurred on March 25, 1999, the date of a letter from the Gibbses' attorney informing Carnival that he "has been retained by Suzanne Gibbs, individually and as Guardian ad Litem for Christian Joseph Gibbs." Under this interpretation, the one year time-bar to file suit would have ended on March 25, 2000, well before the Gibbses filed this action before the District Court on August 21, 2000. The Gibbses respond that this letter has no legal effect, and that under New Jersey Court Rule 4:26-2, a parent of a minor "shall be deemed to be appointed guardian ad litem of the child" in negligence actions only "upon the filing of a pleading or certificate signed by an attorney." According to this Court Rule, the Gibbses submit, Suzanne Gibbs was appointed legal representative of Christian Gibbs only when the complaint was filed in the District Court. Since they commenced this suit within the three-year period available to appoint a legal representative for an injured minor under S 183b(c), they dispute Carnival's claim that the time had run.

The District Court declined to resolve this aspect of the dispute. Instead, it concluded that the March 25, 1999 letter from the Gibbses' attorney to Carnival was legally

binding and estoped the Gibbses from arguing that the New Jersey Court Rule applied. Determining that the March 25, 1999 date of the letter is the time that Christian Gibbs received a legal representative, the Court granted Carnival's motion to dismiss the case because it was filed after the one year time-bar expired.

Before we address the estoppel issue, however, we must first clarify the appropriate choice of law. Although it appears that the District Court considered this case to be one that sounded in admiralty, it did not specify whether it applied the federal admiralty law of estoppel or New Jersey's standard. This omission is reflected in the briefs of the parties, which referred only to New Jersey law. At oral

3

argument before us, Carnival conceded that federal admiralty law governs, but the Gibbses maintained that we should apply New Jersey law. We agree with Carnival. Because Christian Gibbs's injuries occurred aboard a cruise ship in navigable waters, his cause of action contains the traditional nexus for maritime torts.

In order to sustain a claim of estoppel under federal admiralty law, a party must show that it relied in good faith on a misrepresentation of another party, and that this reliance caused it to change its position for the worse. Evidence of detrimental reliance or prejudice is a critical element of estoppel, and Carnival fails to satisfy this burden. Moreover, the District Court should not have precluded the Gibbses from presenting their argument, which we find meritorious, that the time-bar in the passenger ticket contract had not expired because no legal representative had yet been appointed for Christian Gibbs. Accordingly, the Court's use of equitable estoppel was mistaken, and we will therefore set aside the order dismissing Christian Gibbs's claims.

Having disposed of the estoppel issue, we must still determine whether the Gibbses' claim is barred by the suit time provision in the passenger ticket contract. This presents the question not directly addressed by the District Court: How is a legal representative "appointed" within the meaning of 46 U.S.C. S 183b(c)? To answer this, we must turn to Federal Rule of Civil Procedure 17, which explains how to determine when a legal representative has been appointed to protect a minor's interests. The first step of the Rule 17 inquiry is to look to the law of the minor's domicile to see if the minor already has a legal representative appointed for him. Since Christian Gibbs is a domiciliary of New Jersey, we apply New Jersey Court Rule 4:26-2, which states that a parent is appointed guardian ad litem of her child only upon the filing of a pleading or certificate with a court. Since the Gibbses did not file any papers with a court before commencing this action in the District Court, at the time the complaint was filed no legal representative had yet been appointed for Christian Gibbs under the laws of New Jersey. This takes

us to the second step of Rule 17, which is the requirement

4

that a district court appoint a guardian ad litem for a minor who is otherwise not represented under the law of the minor's domicile. The court should take into account all factors relevant to the protection of the minor's interests when selecting a guardian ad litem, but need not look to the procedures specified in the state law. In this case, the complaint before the District Court specified that Suzanne Gibbs would represent Christian as his guardian ad litem, and there is no reason to suggest that the Court should not have accepted this appointment.

Therefore, under the guardian ad litem appointment process envisioned by Rule 17, no legal representative had been appointed for Christian until the Gibbses commenced this lawsuit before the District Court, which was within the three year time period under 46 U.S.C. S 183b(c) to appoint a legal representative. Accordingly, Christian's claim is not time-barred under the passenger ticket contract and S 183b(c). For these reasons, we will vacate the order dismissing Christian's claim and remand this action to the District Court for further proceedings.

I.

On August 25, 1998, while accompanying his parents on a cruise, Christian Gibbs suffered second degree burns on the soles of his feet when he stepped onto the hot surface of the deck of the Carnival vessel, The Destiny . He was in the care of Carnival employees at the time as part of the Camp Carnival child care program. His parents, Suzanne and Richard, decided to interrupt their vacation and return home to New Jersey with Christian to care for his injuries.

After engaging in settlement discussions with Carnival, the Gibbses retained the Law Offices of Gold and Albanese ("Gold and Albanese") to represent their interests. On March 25, 1999, Robert Francis Gold, an attorney at Gold and Albanese, wrote to Carnival informing it that the firm "has been retained by Suzanne Gibbs, individually and as Guardian ad Litem for Christian Joseph Gibbs, to represent their interests in connection with certain burn injuries suffered by Christian Joseph Gibbs." Carnival responded with a letter dated April 9, 1999 acknowledging receipt of

5

Mr. Gold's correspondence and asking that any relevant information be forwarded to the company. There was no subsequent contact between the parties until an attorney at Gold and Albanese sent a copy of Christian Gibbs's medical records to Carnival on or about May 17, 2000. Subsequently, Carnival notified Gold and Albanese by mail that the Gibbses' claim was time-barred according to a provision in the passenger ticket contract that limited the

time available for filing of a suit against Carnival to one year after the date of injury.

The Gibbses then commenced this action in the District Court on August 21, 2000, alleging that Carnival was liable for negligence, infliction of emotional distress, and breach of contract. The complaint sought relief on behalf of Christian as well as his parents. Carnival moved to dismiss the case pursuant to Fed R. Civ. P. 12(b)(6). Carnival's motion argued alternatively that: (1) the suit was untimely because of the time-bar provision in the passenger ticket contract; (2) the District Court lacked in personam jurisdiction over Carnival; and (3) the District Court lacked jurisdiction over the claim because of a forum selection clause in the ticket contract specifying a court in Florida as the exclusive forum to resolve disputes arising from the contract.

The District Court granted Carnival's motion on the first ground--untimeliness according to the one year time-bar in the passenger ticket contract. Finding that the passenger ticket contract contained an enforceable provision allowing only one year to file suit on any claims arising from the contract, the Court applied the provision against the Gibbses and dismissed Suzanne and Richard Gibbs's individual claims. Maritime carriers are entitled to impose contractual limitations on the time to bring a lawsuit so long as the allowable period is no less than one year. 46 U.S.C. S 183b(a). Such suit time provisions in passenger ticket contracts must be written in language that meets a "standard of reasonable communicativeness," which involves a liberal examination of the provision for clarity, physical placement, and ease of understanding. Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir. 1987); see also Schenk v. Kloster Cruise Limited, 800 F. Supp. 120,

122-23 (D. N.J. 1992). The Gibbses are not contesting the District Court's finding that the suit time provision in their passenger ticket contract is legally valid and binding under federal admiralty law. Moreover, they do not dispute the District Court's dismissal of Suzanne and Richard Gibbs's individual claims against Carnival. The District Court correctly dismissed these claims, since this lawsuit was filed just short of two years after their cause of action accrued -- well after the one year time-bar in the passenger ticket contract.

The Court also dismissed Christian Gibbs's claims, but on a different theory. Noting that Christian was a minor and therefore that 46 U.S.C. S 183b(c) applied, the Court read this statute as allowing a three-year period in which to appoint a legal representative for Christian. Once a representative was appointed, the Court explained, the one year time-bar for filing a suit on Christian's claims would commence. The District Court did not specify what process would be used for determining when a legal representative was appointed within the meaning of S 183b(c). Rather, the

Court applied the doctrine of equitable estoppel essentially to preclude the Gibbses from denying that the March 25, 1999 letter from their counsel, Gold and Albanese, constituted the appointment of Suzanne Gibbs as guardian ad litem or legal representative of Christian under S 183b(c).

The Court therefore refused to entertain the Gibbses' submission that Suzanne Gibbs was not appointed legal representative for Christian by the March 25 letter because New Jersey Court Rule 4:26-2 states that a parent may become the guardian ad litem of her child in negligence actions only upon the filing of a pleading or certificate before a court. Under this theory, which the Court did not take into account, the Gibbses should be allowed to proceed on Christian's claim because the complaint was filed before the three years allowed under S 183b(c) to appoint a legal representative for an injured minor. Since the appointment of the legal representative and the filing of the suit occurred simultaneously, the Gibbses argued, the time-bar had not run.

Instead, the Court looked at the language of the March 25 letter and found that it clearly communicated to Carnival that Suzanne Gibbs had been appointed legal representative of Christian on or about that date. The Court chose to apply the law of estoppel because it believed that allowing the Gibbses to disavow the depiction of Suzanne Gibbs as legal representative for Christian in the March 25 letter in favor of their new theory "squarely brings into play the concept of estoppel which goes right to the fairness issue." Accordingly, the Court ruled that the Gibbses should have filed Christian's claims within one year after March 25, 1999. Since the complaint was not filed in the District Court until August 21, 2000, the Court held that it was untimely. The Gibbses' appeal of the District Court's order granting Carnival's 12(b)(6) motion that dismissed Christian Gibbs's claims is the issue before this court. We have appellate jurisdiction under 28 U.S.C. S 1291, and our review over the District Court's order granting a 12(b)(6) motion is plenary. Semerenko v. Cendant Corp. , 223 F.3d 165, 173 (3d. Cir. 2000). We review the Court's interpretation of 46 U.S.C. S 183b, like any other matter of statutory interpretation, de novo. See United States v. Zwick, 199 F.3d 672, 678 (3d Cir. 1999).

II. Choice of Law

In their complaint, the Gibbses invoked diversity jurisdiction, pursuant to 28 U.S.C. S 1332, as the basis of their claim before the District Court. Although both parties refer to this case as one concerning admiralty, they cited only to New Jersey law in the briefs. At oral argument in response to questions from the court, Carnival conceded that admiralty law governs, but the Gibbses maintained their position that New Jersey law governs. Normally, this court would apply the choice of law rules of the forum state

-- in this case, those of New Jersey -- in order to determine what substantive law governs a diversity action. See Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487 (1941). However, if the case sounds in admiralty, it would be inappropriate to apply New Jersey law or any other state's law, instead of federal admiralty law.

The initial step in the choice of law analysis is to determine whether this case "sounds in admiralty." In Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995), the Supreme Court summarized prior precedent and articulated a three-point test for ascertaining when a case sounds in admiralty. First, the incident must have "occurred on navigable water or . . .[be an] injury suffered on land [that] was caused by a vessel on navigable water." Id. at 534. Second, a court must "assess the general features of the type of incident involved to determine whether the incident has a potentially disrupting impact on maritime commerce." Id. (internal quotations omitted). Finally, a court must "determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id. (internal quotations omitted).

We are satisfied that the Gibbses' claims sound in admiralty under this analysis. First, the injuries to Christian Gibbs transpired on the Carnival Cruise Lines vessel, The Destiny, which was traveling in navigable waters. Second, ocean-going passenger vessels are clearly engaged in maritime commerce. See East River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 864 (1986). Finally, the defective design or manufacture of parts of a boat designed for maritime use, such as the deck of a cruise ship, bears a substantial relationship to traditional maritime activity. E.g., Mink ex rel. Ins. Co. of N. Am. v. Genmar Indus., 29 F.3d 1543, 1547 (11th Cir. 1994) (citing cases where products liability actions involving pleasure craft in navigable waters sounded in admiralty law).

Although the Gibbses' complaint alleged more than mere products liability--they also claimed breach of contract, infliction of emotional distress, and negligence on the part of Carnival employees--the analysis pointing to a nexus with maritime commerce is still present. See Fedorczyk v. Caribbean Cruise Lines Ltd., 82 F.3d 69, 73 (3d Cir. 1996) (concluding that a slip in a bathtub in a ship cabin "has a nexus to 'traditional maritime activity"' despite the fact that the injury was not a uniquely maritime occurrence); Friedman v. Cunard Line Ltd., 996 F. Supp. 303, 307 (S.D.N.Y. 1998) (noting that "even assuming that a

maritime nexus is necessary to establish admiralty jurisdiction over a tort committed on the high seas (a question the Supreme Court left open in East River

Steamship Corp. and does not appear to have subsequently addressed), that nexus is established by the role that ocean-going cruise ships play in maritime commerce"). The Court of Appeals for the Ninth Circuit has also specifically held that intentional infliction of emotional distress torts that occur on board cruise vessels are governed by maritime law. Wallis ex rel. Wallis v. Princess Cruises, Inc., 306 F.3d 827, 840 (9th Cir. 2002).

Moreover, as to the contract claims, it is settled jurisprudence that passenger ticket contracts for cruises are maritime contracts governed by federal admiralty law. Carnival Cruise Lines v. Shute, 499 U.S. 585, 590 (1991); see also Schenck v. Kloster Cruise, Ltd., 800 F. Supp. 120, 122 (D.N.J. 1992), aff'd, 993 F.2d 225 (3d Cir. 1993); Vavoules v. Kloster Cruise Ltd., 822 F. Supp. 979, 982–83 (S.D.N.Y. 1993) (stating that since 1946, "courts, without exception, have applied federal maritime law in cases involving passenger cruise tickets and other maritime contracts," and citing examples).

Since we conclude that this case sounds in admiralty, we apply federal admiralty law and not the law of New Jersey or any other state. That the District Court took this case under diversity jurisdiction, rather than admiralty jurisdiction under 28 U.S.C. S 1333, does not affect this determination. See Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 410-11 (1953) (holding that courts apply substantive admiralty law to claims that sound in admiralty regardless of whether the complaint invokes diversity or admiralty jurisdiction); Edynak v. Atlantic Shipping, Inc. , 562 F.2d 215, 221 n.11 (3d Cir. 1977). Thus, for cases such as this that sound in admiralty, we need not look to the general choice of law rules articulated in Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and Klaxon, supra, that typically apply to suits brought in diversity jurisdiction. See Scott v. Eastern Air Lines, Inc., 399 F.2d 14, 25 (3d Cir. 1968) (noting that "admiralty standards define liability for a maritime tort, whether the proceeding is instituted in admiralty or on the law side of the court").

10

III. Estoppel

With the choice of law issue resolved, we turn to a review of the District Court's order dismissing Christian Gibbs's claims. According to federal maritime law, the doctrine of "equitable estoppel is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result." Marine Transp. Svcs. Sea-Barge Group, Inc. v. Python High Perf. Marine Corp., 16 F.3d 1133, 1138 (11th Cir. 1994) (internal quotation omitted). In Oxford Shipping Co., Ltd. v. New Hampshire Trading Corp., 697 F.2d 1, 4 (1st Cir. 1982), (then) Judge Breyer explained:

> Traditionally, the doctrine of equitable estoppel
> operates to preclude a party who has made

representations of fact through his words or conduct from asserting rights which might perhaps have otherwise existed as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquired some corresponding right.

Id. (quotations and alterations omitted). 1

The District Court did not explicitly state the factors that led it to prevent Suzanne Gibbs from asserting that she became the legal representative of Christian Gibbs only when the Gibbses filed this lawsuit. However, what plainly (and understandably) disturbed the Court was that Suzanne Gibbs "could on the one hand assert guardian ad litem status in March of 1999, for purposes of asserting Christian's interests. And then disavow that status for purposes of resisting the challenge to this lawsuit as being out of time." Finding this to be unfair, the Court "estopped [the Gibbses] from denying that Christian Gibbs had the same guardian ad litem," Suzanne Gibbs, from the date that the March 25, 1999 letter was sent to Carnival.

_____

1. We acknowledge that this formulation is not materially different from the New Jersey standard of estoppel cited by the parties. See Barone v. Leukemia Soc. of America, 42 F. Supp.2d 452, 464 (D. N.J. 1998); Highway Trailer Co. v. Donna Motor Lines, Inc., 217 A.2d 617 (N.J. Sup. Ct. 1966).

Although the Gibbses' actions might be off-putting, they do not rise to the level of injustice that the law of estoppel is designed to redress. The Gibbses argue that the District Court erred on two scores. First, the March 25, 1999 letter was merely advisory and had no legal weight because of the New Jersey Court Rules on the appointment of guardians ad litem. Second, Carnival exhibited no detrimental reliance on the letter and suffered no prejudice.

The Gibbses do not deny that the letter represented Suzanne Gibbs's purported status as legal representative of Christian, even though they contend it had no legal effect, nor do they dispute that Carnival relied on this letter in good faith. Carnival asserts that its reliance on the March 25, 1999 letter was to its detriment because "[h]ad Carnival known the true legal status of Suzanne Gibbs it could have taken appropriate steps to protect its interests in not only its investigation of the extent of Christian Gibbs's injury and overall negotiation of the claim, but also in terms of assertion of the time-bar provisions in the passenger ticket contract." [Carnival Br. at 8.] We find this response to be underwhelming. Leaving aside the question whether Carnival could rely on counsel's representation as to legal status, Carnival fails to present any evidence of detrimental reliance. See Clauson v. Smith, 823 F.2d 660, 663 (1st Cir. 1987) (declining to apply estoppel when the moving party failed to prove that he "relied to his detriment on the

interdicted behavior"). And, as stated above, the letter had no legal weight. For these reasons, the Gibbses should not have been estopped from presenting their theory that the appointment of a legal representative for Christian Gibbs did not occur until they filed this lawsuit.

## IV. Appointment of a Legal Representative

Having determined that the application of estoppel was inappropriate, we must now decide whether the District Court was nonetheless correct in dismissing Christian Gibbs's claims as time-barred according to the provision in the passenger ticket contract limiting the time to bring suit to one year.

## A. The Meaning of 46 U.S.C. S 183b(c)

The Gibbses contend that the time-bar was not triggered because Christian Gibbs's complaint was filed within the safe-harbor of 46 U.S.C. S 183b(c), which mandates the tolling of suit time-bars in passenger ticket contracts for minors who suffer injury aboard maritime carriers. This statute provides in relevant part:

> If a person who is entitled to recover on any such claim is . . . a minor . . . any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such . . . minor . . . but shall be applicable from the date of the appointment of such legal representative: Provided, however, that such appointment be made within three years after the date of such death or injury.

The statute does not specify the process by which a "legal representative" is appointed. Carnival contends that this appointment occurred on or about March 25, 1999, when the Gibbses retained counsel and notified Carnival that Suzanne Gibbs was appointed guardian ad litem for Christian. The Gibbses respond that under New Jersey Court Rule 4:26-2(b)(2), in negligence actions a parent shall not "be deemed to be appointed guardian ad litem of the child without court order" until "the filing of a pleading or certificate signed by an attorney." Id. Therefore, they submit that Suzanne Gibbs was not appointed legal representative of Christian Gibbs within the meaning of S 183b(c) until the Gibbses filed their complaint before the District Court. Since the complaint was filed on August 21, 2000, well before the three-year limit to appoint a legal representative specified in the statute, the Gibbses argue that the time-bar provision in the passenger ticket contract did not expire.

While the New Jersey Court Rule is relevant to our inquiry and will be discussed further in the next section, we do not begin our analysis with this Court Rule. Instead, we must look to Federal Rule of Civil Procedure 17, which explains the capacity of a party to sue or be sued, and may

therefore be used to determine how a person is appointed a "legal representative" within the meaning of S 183b(c). We

apply the Federal Rules instead of the New Jersey Court Rules because state rules regarding the appointment of guardians ad litem are procedural and therefore do not apply, in the first instance, to cases brought in federal courts. See M.S. v. Wermers, 557 F.2d 170, 174 n.4 (8th Cir. 1977); 6A C. Wright & A. Miller, Federal Practice and Procedure S 1571, at 511-12 (1991); see generally Hanna v. Plumer, 380 U.S. 460, 471-72 (1965) (federal courts apply on-point Federal Rules of Civil Procedure instead of state procedural practices).

B. Fed. R. Civ. P. 17

Fed. R. Civ. P. 17 prescribes a two-part inquiry. Rule 17(b) incorporates state law practice and provides, "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." Rule 17(c) refers specifically to infants:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it seems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c) (emphasis added).

Under this two-step process, a federal court must first determine whether the infant has a "duly appointed representative" who has the capacity to bring the action on behalf of the infant. McSparran v. Weist, 402 F.2d 867, 869 (3d Cir. 1968). Rule 17(b) instructs the court to look at the "law of the individual's domicile," in this case New Jersey, to ascertain whether a representative has been duly appointed. Hence, we apply the New Jersey Court Rules.

N.J. Court Rule 4:26-2(b)(2) states that the "Appointment of Parent in Negligence Actions" as guardian ad litem is not consummated until "the filing of a pleading or certificate signed by the attorney" containing certain relevant information, including a statement showing the absence of a conflict of interest between parent and child. Under the plain meaning of this rule, Suzanne Gibbs was not

appointed guardian ad litem because she never filed any papers with a court. New Jersey vests sole authority of appointment in negligence actions in courts, not private actors, in order to ensure that the child's interests are protected. See Moscatello ex rel. Moscatello v. Univ. of Med. and Dentistry of N.J., 342 N.J. Super. 351, 360-61 (N.J. Super. Ct. App. 2001) (noting that a "child's separate claim for tort damages cannot be prosecuted except by a guardian ad litem" and that a court must authorize a guardian's settlement of a child's cause of action). Absent the filing of papers before a court, Suzanne Gibbs cannot be construed as having the capacity to sue on behalf of her son under Fed. R. Civ. P. 17(b).

Next we look to Rule 17(c). It explains that "[a]n infant . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Since Suzanne Gibbs had not been "duly appointed" guardian ad litem under New Jersey law, "[t]he court shall appoint a guardian ad litem for an infant . . . not otherwise represented in an action or shall make such order as it deems proper for the protection of the infant." Fed. R. Civ. P. 17(c). A district court need not look to the state law, however, in determining what factors or procedures to use when appointing the guardian ad litem. See M.S. , 557 F.2d at 174 n.4. Rather, its polestar appears to be the protection of the infant's interests. See Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989); Noe v. True, 507 F.2d 9, 11-12 (6th Cir. 1974). This makes particular sense when appointing a legal representative within the scope of 46 U.S.C. S 183b(c), since that statute is designed to protect injured infants by ensuring that proper legal representation is appointed who will advance the best interests of the child. See Fugaro v. Royal Carribean Cruises Ltd., 851 F. Supp. 122, 125 n.3 (S.D.N.Y. 1994).

15

In their complaint before the District Court, the Gibbses specified that Christian Gibbs is to be represented by Suzanne Gibbs as his guardian ad litem. There appears to be no conflict of interest between Suzanne Gibbs and her son, nor any other reason why she might not protect Christian's interests. Therefore, we detect no reason to suggest that the District Court should not have accepted the appointment of Suzanne Gibbs as guardian ad litem for Christian in this action. Because no legal representative for Christian Gibbs had been appointed until the Gibbses commenced the instant action before the District Court, where a legal representative was first appointed for Christian, we hold that his claims against Carnival are not time-barred under the special tolling provisions for minors in S 183b(c).

V. Conclusion

We will therefore affirm the District Court's order dismissing Suzanne and Richard Gibbs's individual claims, but will vacate the Court's order dismissing Christian

Gibbs's claims and remand for further proceedings consistent with this opinion.2 Parties to bear their own costs.

---

2. In its 12(b)(6) motion to dismiss before the District Court, Carnival raised the alternative theory that the Court lacked jurisdiction over this case because of a forum selection clause in the passenger ticket contract specifying a court in Florida as the sole forum in which to bring suit. The District Court noted that it would likely enforce the forum selection clause under the principles articulated by the Supreme Court in Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991) (validating the identical forum selection clause present in the Gibbses' passenger ticket contract), but the District Court instead dismissed this case as untimely.

Since the validity of the forum selection clause was not raised on appeal, we will not address it here. We note in this regard, however, that should the District Court choose to enforce this clause on remand, our holding in this opinion that the Gibbses have standing to bring Christian's claims under the terms of the passenger ticket contract and 46 U.S.C. S 183b(c) means that the Gibbses will have the opportunity to re-file Christian's claim in a Florida court. Further, if this case resurfaces in Florida, that state's laws on the appointment of guardians ad litem would not be relevant to the standing analysis conducted here. This is because Fed. R. Civ. P. 17(b) commands a district court to look to the law of the minor's domicile, here New Jersey, to determine whether a guardian ad litem has been appointed for a minor. If no guardian has been appointed, then the court acts in accordance with Rule 17(c) under its own consideration of the interests of the minor.

16

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

17